## YORKS *vs.* PECK.

A subpœna to testify as a witness is a "process," within the meaning of the statute prohibiting any person, not the general law partner of an attorney, or a clerk in his office, from suing out any process, &c. in the name of such attorney. (2 *R. S.* 287, § 70.)

THIS was an appeal from a judgment entered on the report of a referee. The action was brought to recover of the defendant three several penalties of $50 each, for violation of section 70 of title 2, part 3, ch. 3, and art. 3 of the revised statutes, (3 *R. S.* 477, *5th ed.*) which is as follows, viz: "If any attorney or solicitor shall knowingly permit any person, not being his general law partner, or a clerk in his office, to sue out any process, or to prosecute or defend any action in his name, such attorney and solicitor, and every person who shall so use the name of any attorney or solicitor, shall severally forfeit to the party against whom such process shall have been sued out, or such action prosecuted or defended, the sum of fifty dollars."

The cause was tried by and before a referee, who found the following facts: That in November, 1856, and subsequently, Bartholomew Skaats was an attorney and counsellor at law, practicing in the city of New York, and having but one office, at 111 Broadway. The defendant, Peck, was never a general law partner in the practice of the law with said Skaats, nor was he ever a clerk in his office. About the time mentioned, Skaats, as attorney, had recovered in this court, in favor of

Ambrose Stevens, as plaintiff, against Anthony Yorks, defendant, a judgment, upon which he issued an execution, directed to the sheriff of Livingston county, and inclosed the same in a letter to the defendant in this action, who then resided in Lima, in said county, where he has ever since continued to reside. That the sheriff of Livingston county afterwards duly returned the said execution, wholly unsatisfied. That proceedings were thereupon instituted, supplementary to execution, under the provisions of the code of procedure, against the said Anthony Yorks, and were pending before a referee appointed by an order for that purpose, when the defendant in this action, on the 7th of March, 1857, sued out of this court the subpœna first mentioned in the complaint, and signed thereto the name of the said Skaats, as attorney, and caused the same to be served on the plaintiff in this action. This was a subpœna commanding the plaintiff to appear before C. C. Davison, Esq., a referee, and be examined as a witness in said action brought by Ambrose Stevens against Anthony Yorks, and to produce certain papers in the subpœna specified. That afterwards, such proceedings, supplementary to execution as aforesaid, were again instituted, and were pending before another referee, by order, for that purpose, when the defendant in this action, on the 21st of November, 1857, sued out of this court the subpœna secondly mentioned in the said complaint, and signed thereto the name of the said Skaats, as attorney, and caused the same to be served on the plaintiff in this action. That the plaintiff in this action did not appear in obedience to the subpœna last hereinbefore mentioned. That the defendant in this action thereupon, and for that cause, sued out of this court an attachment for contempt of court, in not obeying said subpœna, and signed the name of the said Skaats, as attorney, thereto, and issued the same in his name, as attorney, which was served by the sheriff of Livingston county, on the plaintiff in this action.

As a conclusion of law, from the foregoing facts, the referee

found and reported that the defendant in this action had violated the provisions of the 70th section of title 2, ch. 3, part 3 of the revised statutes, and had, in three several instances, used the name of an attorney of this court, not being the general law partner of such attorney, or a clerk in his office, to sue out process against the plaintiff in this action, and had forfeited to the plaintiff three penalties of the sum of $50 each. He therefore adjudged and decided that the plaintiff was entitled to recover of the defendant the sum of $150 besides costs; and from the judgment entered upon the report the defendant appealed.

*M. S. Newton*, for the appellant.

*H. J. Wood*, for the respondent.

*By the Court*, JOHNSON, J. I have no doubt whatever, that a subpœna is a process, within the meaning of the statute under which this action is brought. (2 *R. S.* 287, § 70.) The language is "any process," and was obviously intended to include any and every process which, by being served upon the party named in it, would give the court or officer before whom any proceeding was had, jurisdiction over such person. This would include a subpœna, which has always been regarded as a process.

It was strenuously contended by the defendant's counsel, upon the argument, that inasmuch as it was shown that the defendant had used the name of the attorney, wholly without his knowledge or consent, he was not amenable to the penalty prescribed by the statute. But this is of no consequence, except in a moral point of view. In that aspect it aggravates the offense, while it affords no shield to the offender. The obvious design of the statute was to protect persons from being vexed and harassed, by the use of an attorney's name, for any of the purposes mentioned in the section, by any person other than the attorney himself, or by his general law partner, or a

clerk in his office, and to furnish them a remedy, if they were so injured. The attorney incurs the penalty if he knowingly permits such use of his name, while every other person, not falling within the exception, incurs it, by the use of the name for such purpose, whether the attorney knowingly permits it or not. The words "so use" manifestly mean using for the forbidden purpose, without the authority pertaining to a general law partner, or clerk in the office of the attorney, whose name is used. By no other construction could the mischief which the legislature had in view be remedied. The referee was, I think, entirely right in his interpretation of the section, and the judgment should be affirmed.

[MONROE GENERAL TERM, March 5, 1860. *Welles, Smith* and *Johnson,* Justices.]