Fellows agt. Kittredge *et al.*

## N. Y. MARINE COURT.

CAROLINE S. FELLOWS agt. WILLIAM P. KITTREDGE *et al.*

*Discharge of a judgment against a bankrupt — Code of Civil Procedure, section 1268 — construction of.*

The right of judgment debtors discharged from their debts by proceedings in bankruptcy to have a judgment against them, canceled of record after the lapse of two years since their discharge was granted, sustained notwithstanding the fact that the judgment was a lien upon certain real estate conveyed by the bankrupts. The reasons stated.

*Special Term, March,* 1879.

THE plaintiff recovered judgment against the defendants December 31, 1874, for $525.86, and on the 5th day of July, 1876, the defendants were discharged from their debts and liabilities, by and under proceedings in bankruptcy, which resulted in such discharge on that day. The defendants now apply, under section 1268 of the Code of Civil Procedure, for an order discharging the judgment of record. The plaintiff opposes the motion on the ground that the judgment which was duly docketed in Kings county is a lien upon two pieces of land therein situated, one of which was conveyed by the defendants after the docketing of the judgment and before their adjudication as bankrupts, and the other was conveyed by deed recorded since their discharge; and the plaintiff insists that the application should be denied, because if it is granted it will destroy her judgment lien on said property.

*Thomas D. Robinson,* for motion.

*J. F. Kernockan,* opposed.

Fellows agt. Kittredge *et al.*

McADAM, *J.* — A judgment is not a specific lien on any particular real estate of the judgment debtor but a general lien upon all his real estate (*Rodgers* agt. *Bonner*, 45 *N. Y.*, 379). In short, a judgment creditor has no *jus in re* but a mere naked power to make his general lien effectual by following up the steps of the law and consummating his judgment by execution and levy on the land (*See Conrad* agt. *Insurance Co.*, 1 *Peters*, 387, 443). The new Code (*sec.* 1268) allows the judgment creditor two years after the bankrupt's discharge to make his general lien effective; and whether he improves the opportunity or not it operates as a sort of statute of limitation and allows the bankrupt, after the two years have elapsed, to apply, upon proof of his discharge, to the court in which the judgment was recovered for an order directing it to be discharged of record; and if, upon the hearing of the motion, it is made to appear that the bankrupt has been discharged from the payment of the judgment, the Code (*sec.* 1268) is mandatory "that an order must be made." granting the application. The defendants have supplied the necessary proofs and are, therefore, entitled to the relief they ask (*See Deyo* agt. *Van Valkenburgh*, 5 *Hill*, 242). The lien of a judgment recovered in a state court is regulated by the state law which creates and regulates the nature, duration, effect and mode of discharge of such lien which, when declared, cannot be restrained or extended by the court. There is nothing in the statute which authorizes a partial or conditional discharge of the judgment, or which authorizes the court, by decree or otherwise, to preserve and continue the lien of the judgment creditors upon any specific property, real or personal. The defendants are, by force of the statute, entitled to an unconditional order discharging the judgment and their motion, therefore, will be granted.