### BROOKS and others *v.* FARWELL and others.

*(Circuit Court, D. Colorado.   October 20, 1880.)*

1. REMOVAL—REVIEW.—Questions passed upon in a state court cannot be reviewed upon the removal of the cause to the circuit court.

2. PRACTICE—SERVICE OF PROCESS—NON-RESIDENT.—A party going into another state as a witness, or as a party under process of a court, to attend upon the trial of a cause, is exempt from process in such state while he is necessarily attending there in respect to such trial.

    *Parker* v. *Hotchkiss*, 1 Wall. Jr. 269.

    *The Juneau Bank* v. *McSpedan*, 5 Biss. 64.

———, for plaintiffs.

———, for defendants.

HALLETT, D. J.   Brooks and the Purdy Silver Mining Company brought suit in the district court of Arapahoe county,

against John V. Farwell and another, in March last. Farwell appeared and filed a motion to quash the summons, or service of the summons, alleging in an affidavit accompanying the motion that he had been in attendance upon court in another suit brought by one of the plaintiffs, and that he was a resident and citizen of the state of Illinois, and had come here necessarily for that purpose, and so was exempt from service while in attendance on the court. Upon hearing that motion the court denied it, but gave leave to the defendant to set up the same facts in an answer in the nature, it is said, of a plea in abatement. Thereafter the cause was removed into this court, and the plaintiff now asks for judgment, claiming that the answer cannot be received; that it is not according to the course of pleading under the Code; that any answer that may be filed must go to the complaint, and that nothing can be averred against the summons, or service of the summons, by way of answer. As to that question, it must be assumed that that was passed upon in the district court of Arapahoe county, in overruling the motion to quash the service of the summons. In allowing the defendant to file an answer setting up the same matters, the court must have held that that was the proper practice—the proper course of procedure. That being decided there, cannot be reviewed or in any manner set aside in this court. We do not, on the removal of a cause from a court of the state, review or attempt to reverse any proceedings that may have been had there before the removal of the cause into this court. As to all questions that are passed upon in the state court before the removal of the cause, they are fully and finally determined so far as this court is concerned, and can only be reviewed in the supreme court of the United States, if there be error in them; so that this plea is to be received as well pleaded here, and as to the matter of the plea there can be no doubt as to its sufficiency. The authorities are clear to the point that a party going into another state as a witness, or as a party under process of a court, to attend upon the trial of a cause, is exempt from process in such state while he is necessarily attending there in respect to such trial. Having been brought into such foreign

state by process of law, he cannot, while there, be called to answer in another action. *Parker* v. *Hotchkiss*, 1 Wall. Jr. 269; *The Juneau Bank* v. *McSpedan*, 5 Biss. 64.

The motion will be denied.