## New York Marine Court.

*Special Term—February*, 1882.

### ENNIS *against* DEVLIN.

**Bankruptcy.—Perpetual stay, &c.—**The defendant's answer was interposed May 3, 1878. On August 31, 1878, the defendant filed his petition in bankruptcy, and was on the same day adjudged a bankrupt. On July 18, 1879, judgment was recovered herein. Two months previously, to wit, on May 9, 1879, the defendant procured his discharge from all debts and claims against his estate which existed on said 31st day of August, 1878. The claim in suit existed on that day, and was provable against the estate. *Held*, that the debt was extinguished. That the defendant was not obliged to plead his discharge by supplemental plea, and had the right to allow the suit to go to judgment, and seek relief by an application for a perpetual stay.

The costs allowed upon an order affirming the judgment held not to be discharged. The reasons stated.

McADAM, J.—The answer herein was interposed May 3, 1878. On August 31, 1878, the defendant filed his petition in bankruptcy, and was on the same day adjudicated a bankrupt. On July 18, 1879, judgment was recovered herein for $267.86, damages and costs. Two months previously—to-wit, on May 9, 1879—the defendant procured his discharge from all debts and

Ennis v. Devlin.

claims against his estate, and which existed on said 31st day of August, 1878. The claim in suit existed on that day, was provable against the defendant's estate, and was therefore extinguished by the discharge in bankruptcy. The defendant was not obliged to plead his discharge by supplemental plea. He had the right to allow the suit to go to judgment, and seek relief by an application for a perpetual stay (Monroe v. Upton, 50 *N. Y.* 593, and cases cited), or he had the option of availing himself of section 1268 of the Code, and after the expiration of two years, move to discharge the judgment of record (Fellows v. Kittredge, 56 *How. Pr.* 498). The defendant did not content himself with resting upon these legal rights, but availed himself of another right, *i. e.*, of appeal, which was taken after the judgment and discharge. This appeal terminated in a new judgment, which was entered December 5, 1879, for $101.50 costs.

This judgment created a new debt, which did not exist at the time the defendant was adjudicated a bankrupt; it was not therefore provable against the bankrupt estate. It was not an incident of the old debt, within the meaning of that term, as applicable to a discharge. It was the creature of the defendant's own affirmative act. This subsequent action, as a natural consequence, ripened into a new debt. A voluntary discharge of the old debt would not have extinguished the new, and a discharge by operation of law can have no greater effect. The one was, in this respect, independent of the other. It follows that the motion, so far as it seeks to discharge the first judgment, must be granted; but so far as it applies to the second judgment, it must be denied, upon the ground that it has not been affected by the discharge in bankruptcy. The non-payment of the motion costs in the common pleas furnishes no impediment to the hearing of the motion. The judgments terminated the action.

The present application does not seek to reopen or prolong the litigation—it does not impeach the judgment —it seeks to remove the lien or cloud created by the record thereof. The application is one of right, and is not stayed by the circumstance just referred to. The failure of the defendant to avail himself of the liberty granted him of pleading his discharge by supplemental answer lost him that privilege, but does not impair his right to make the present motion. No costs.

No appeal was taken.