Arnold agt. Oliver.

## SUPREME COURT.

Daniel Webster Arnold, appellant, agt. Isaac J. Oliver, defendant.

*Bankruptcy — When judgment discharged by proceedings in — Section 1268 of Code imperative in its nature — Defeated party may apply for rehearing of motion before judge who decided it, either on same or new papers.*

Judgment was recovered against the defendant on March 10, 1876, on a debt contracted prior to February 26, 1876, upon which date defendant was adjudicated a bankrupt. On July 31, 1876, defendant obtained his discharge in bankruptcy:

Arnold agt. Oliver.

*Held, first.* That the jugdment was not such a merger of the indebtedness as to create a new debt, and that the debt as well as the judgment were necessarily discharged by the bankruptcy proceedings.

*Second.* That section 1268 of the Code of Civil Procedure is imperative and absolutely entitles defendant to an order canceling the judgment from the docket.

*Third.* That a rehearing of a motion may be had before a court held by the judge who heard the original motion, either upon the original papers or upon new papers.

*First Department, General Term, January,* 1883.

*Before* BRADY, *P. J., and* DANIELS, *J.*

APPEALS from two orders, one allowing the defendant to reargue a motion previously made and decided, or to renew such motion upon further papers, and the other granting the motion allowed to be so made, and canceling the judgment affected by it.

*George H. Forster,* for appellant.

*Samuel Greenbaum,* for respondent.

DANIELS, *J.* — The judgment which was directed to be canceled and discharged by the final order was recovered by the plaintiff against the defendant on the 10th of March, 1876. The indebtedness was contracted before the 26th of February, 1876, on which day the defendant filed his petition for his adjudication in bankruptcy. Under the proceedings commenced he was adjudged a bankrupt and, on the 31st day of July, 1876, discharged from all debts existing against him on the twenty-sixth day of February of that year. As the judgment, according to the decision which was made in *Monroe* agt. *Upton* (50 *N. Y.*, 593), was not such a merger of the indebtedness as to create a new debt, the debt as well as the judgment were necessarily discharged by the result of these proceedings under the bankrupt law. And that, under the authority of section 1268 of the Code of Civil Procedure, entitled the defendant to an order discharging him from the

payment of the judgment and for the cancellation and discharge of the docket thereof. This provision is imperative in its nature, and absolutely entitled the defendant to such relief. It has been urged however, in support of the appeal, that he deprived himself of this right by the result of certain applications made by him preceding the making of the final order. These were applications to be relieved from the judgment, and, with one exception, not precisely such as were provided for by this section of the Code.

The hearing of the first application, which seems to have been in form correct, was denied, for the reason that the remedy was considered to be a motion for an injunction, or for leave to open the judgment and interpose the defense of the discharge in bankruptcy. And such a motion, by the terms of the order, was afterwards permitted to be made. When that came on to be heard, the defendant was considered not to be entitled to that relief, and the application was denied. And that denial was warranted by the change made in the practice by this section of the Code and a similar statutory provision preceding it. A further application was thereupon made for the order provided for by this section of the Code, but that was denied, probably because of the impropriety of bringing it on before a justice other than the one hearing the original application. After that denial an application was made before the justice hearing the first motion. That resulted in one of the orders from which the appeal has been taken allowing the motion to be reheard. The application was afterwards reheard upon the original and further papers, and an order was finally made discharging and canceling the judgment, and from that order the principal appeal now before the court was taken.

It has been urged that these proceedings, especially those resulting in the two orders from which the appeals have been taken, were improper and unauthorized, and that the only remedy which the defendant had was to appeal from the order made upon the hearing of the first of these applications.

But the rule of practice, as it is indicated and sustained by the authorities, does not warrant this position. For where a motion has been heard and improperly decided against the defeated party, he may apply for a rehearing, provided he does so before a court held by the judge making the decision. And that may be done either upon the original papers or those with further papers supplied and served for that purpose (*White* agt. *Monroe*, 33 *Barb.*, 561; *Smith* agt. *Spaulding*, 30 *How.*, 339; *Belmont* agt. *Erie R. R. Co.*, 52 *Barb.*, 637).

It was entirely proper under this rule, where a right created by law had been denied to the defendant, under what appears to have been a misapprehension, that an application should be made to the court by whose order the right had been denied for a further hearing of the application. The court had ample authority to entertain such a motion as it did, and to rehear the case in order that the defendant should have the benefit of the provision of the statute which had been so clearly made in his favor. No such delay intervened in making this application as should deprive the defendant of this order to which this section of the Code declared him to be entitled. For the section itself provides that the application may be made at any time after two years had elapsed since the bankrupt was discharged from his debts. And he was literally within the authority when his first motion was heard and decided on February 2, 1882. Since that time his repeated applications have been characterized with diligence, for he has been a constant applicant for that relief which the statute declared him entitled to receive. The order providing for a rehearing before the same court of the application originally made and decided against him was, under the circumstances appearing, an entirely proper one, and that by which he was discharged from the judgment, and its cancellation directed had the express authority of this section of the Code for its support.

The orders from which the appeals have been taken should be affirmed, with the usual costs and disbursements.

BRADY, J., concurs.