AVERELL v. BARBER et al.

*(Supreme Court, General Term, First Department. February 18, 1892.)*

MOTION FOR REARGUMENT—JURISDICTION OF SPECIAL TERM.

After the denial of a motion at a special term of the supreme court, a motion for reargument may be made at the special term for the hearing of non-enumerated motions; and the fact that the justice who denied the original motion is not presiding when the motion for reargument is made is no ground for denying the application. VAN BRUNT, P. J., dissenting.

Appeal from special term.

Action by William W. Averell against Amzi L. Barber and others. From an order denying a motion for reargument and resettlement of a previous order entered in the action, defendants appeal. Reversed. For former report, see 6 N. Y. Supp. 255.

Argued before VAN BRUNT, P. J., and BARRETT and ANDREWS, JJ.

v.18N.Y.s.no.2—6

*Wm. W. Niles*, and *Wm. W. Niles, Jr.*, (*A. S. Worthington*, of counsel,) for appellants.  *Fullerton & Rushmore*, (*C. E. Rushmore*, of counsel,) for respondent.

BARRETT, J.  I am unable to concur with the presiding justice in the conclusion arrived at upon this appeal.  The motion for a reargument was properly made at the regular special term for the hearing of non-enumerated motions.  There was no other term for which it could properly be noticed. The fact that the learned justice who decided the original motion did not happen to preside when the motion for a reargument was brought on did not justify either a denial or a dismissal of the application.  I entirely agree that the application should not have been entertained by the learned justice who then did preside, (for the reasons well stated by the presiding justice,) but that was no reason why the applicant should be refused the hearing to which he was entitled.  He was not applying to any particular justice, but to the court, and his application should not have been denied or dismissed because the justice who should properly have heard him did not happen to be sitting. The proper course would have been to refer the application to the justice who decided the original motion sought to be reargued, or to defer the hearing until that justice should preside at the regular special term for the hearing of non-enumerated motions.  The order appealed from should therefore be reversed, with costs.

ANDREWS, J., concurs.

VAN BRUNT, P. J., (*dissenting.*)  The order mentioned in the opinion handed down herewith in the case of the same title having been entered, a motion was made by the defendants to the special term for a reargument of this motion, or to vacate or modify or resettle said order, which motion, being heard, was denied, with $10 costs, on the ground that the motion was made before and the order signed by another justice, and that this motion should have been made before him; and from such order this appeal is taken. The fact that the order sought to be vacated, modified, or resettled was made by another justice did not authorize a denial of the motion for reargument. But it was eminently proper that such a motion should have been dismissed, because it is not a practice to be encouraged to permit motions which have been heard and disposed of by the court when held by one justice to be renewed and reargued when the court is held by another justice.  It is not proper to permit an appeal from one special term to another.  The appellate court is the general term, and parties should be remitted to that tribunal if they feel aggrieved by the orders made at the special term.  There is business enough to be done by the justice holding the branch of the special term which is devoted to the hearing of motions without his being compelled to hear rearguments of motions which have already been disposed of.  We think, therefore, that the order of Mr. Justice O'BRIEN should be modified by dismissing the motion, instead of denying it, and, as so modified, affirmed, with $10 costs and disbursements.