## VAN WAGENER v. ROYCE et al.

(Supreme Court, General Term, Second Department.    December 12, 1892.)

EQUITY—ENFORCEMENT OF CONTRACT—LACHES.

Prior to a foreclosure sale of land plaintiff and defendant's intestate agreed in writing under seal that the latter should pay to plaintiff and others $3,000 for their interest in the mortgaged property, and that the sale should be postponed; whereupon plaintiff quitclaimed his interest.    The property was bought on the adjourned day of sale by one of the parties to the agreement, and conveyed to defendant's intestate, who paid $1,200 to such party, no part of which was received by plaintiff, who, after the agreement, had been compelled to pay certain moneys which were by its terms to be paid by defendant's intestate.    *Held,* that plaintiff's seven years' delay in asserting his claim, which he was not asked to explain, while an unfavorable fact, was not conclusive against its validity; and, as the mistake of description in plaintiff's conveyance, which defendants claimed was a failure of performance on his part, could have been easily corrected so as to include the whole property, the payment to plaintiff would be equitable, and within the meaning of the agreement, and, under the circumstances, the court would not deem the agreement abandoned, but would enforce it in plaintiff's favor.    19 N. Y. Supp. 143, affirmed.

Motion for reargument.    Denied.    For decision on appeal, see 19 N. Y. Supp. 143.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

B. F. Low, for appellants.

Greene & Bedell, for respondent.

DYKMAN, J.    This is a motion for a reargument of the appeal of the defendants in this action.    There is a general statement in the affidavit, upon which the motion is based, that important facts have been overlooked by this court; but there is no specification of such facts, and we know of none.    On the contrary, the case received a careful examination here, as our opinion will show, and a re-examination has disclosed nothing that was overlooked by us.    The motion should be denied, with $10 costs and disbursements.    All concur.