(9 Misc. Rep. 102.)

## STERN et al. v. MEYER et al.

(Common Pleas of New York City and County, General Term. June 4, 1894.)

BANKRUPTCY—DISCHARGE—DEBT CREATED BY FRAUD.

Where an ordinary money judgment was rendered for plaintiff in an action for goods sold and delivered six years before, and no order of arrest was granted in the action, plaintiff cannot, 17 years after the entry of

judgment, show by evidence aliunde that the debt sued on was contracted by fraud within Rev. St. U. S. § 5117, providing that no debt created by fraud shall be discharged by proceedings in bankruptcy.

Appeal from special term.

Action by Simon S. Stern and another against Abraham Meyer and another. From an order denying defendants' motion to be discharged from the judgment entered against them, on the ground that the judgment and claim were discharged by defendants' discharge in bankruptcy, and ordering a reference on the question whether the debt or claim in suit was created by the fraud of the defendants, or either of them, defendants appeal. Reversed.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

William N. Cohen and B. D. Washburn, for appellants.
James Murphy and Myer J. Stein, for respondents.

BOOKSTAVER, J. The motion was made under section 1268 of the Code of Civil Procedure, which provides that:

"At any time after two years have elapsed since a bankrupt was discharged from his debts pursuant to the acts of congress relating to bankruptcy, he may apply upon proof of his discharge to the court in which the judgment was rendered against him for an order directing the judgment to be cancelled and discharged of record. If it appears that he has been discharged from the payment of that judgment, an order must be made accordingly, and thereupon the clerk must cancel and discharge the docket thereof as if the proper satisfaction piece of the judgment was filed."

These provisions are mandatory and imperative, and entitle the defendants to the release asked for unless the judgment is one of those excepted by section 5117 of the Revised Statutes of the United States. Bank v. Brandreth, 12 Hun, 384; Arnold v. Oliver, 64 How. Pr. 452; Townsend v. Simpson, 13 N. Y. Wkly. Dig. 450; Fellows v. Kittredge, 56 How. Pr. 498. The plaintiffs do not, in these proceedings, attack the validity of defendants' discharge in bankruptcy, but oppose their application on the ground that under section 5117, supra, the judgment sought to be canceled is not such a claim or debt as the bankrupts were or could be discharged from under that act. The section is as follows:

"No debt created by the fraud or embezzlement of the bankrupt or by his defalcation as a public officer or while acting in any fiduciary character, shall be discharged by proceedings in bankruptcy, but the debt may be proved and the dividend thereon shall be a payment on account of such debt."

Plaintiffs claim that the debt on which their judgment was founded was created by fraud. This is the first time that any such claim has been made by the plaintiffs, so far as appears from the papers submitted to us. From these papers it appears that the defendants purchased certain goods of the plaintiffs in the fall of 1871, which were not paid for. The action resulting in the judgment under consideration was not commenced until January, 1877,—more than five years after the cause of action accrued. The summons was the ordinary summons for a money judgment only. The complaint was the ordinary complaint for goods sold and delivered. The demand was the ordinary demand for a money judgment. The judg-

ment was entered without any application to the court, and is a simple money judgment. No order of arrest was ever obtained in the action. And we think the plaintiffs cannot now, after the expiration of more than 22 years from the time of the original sale and purchase, and more than 17 years after the entry of judgment, be allowed to come into court, and show, for the first time, by proof aliunde, that there was fraud on the part of the defendants in contracting the debt sued upon. In Shuman v. Strauss, 52 N. Y. 404, the proceedings were in every respect similar to those in this case, except that the complaint in that case contained allegations of fraud, which the court said, if properly verified, would have justified an order of arrest; and the court there held that the plaintiff had waived his right to arrest, and that the question of fraud was entirely eliminated from the case, so far as the rights and obligations of the parties depended upon the laws of this state. And in Palmer v. Preston, 45 Vt. 154, it was held that "the recovery of a judgment upon a contract induced by a fraud is a waiver of the fraud, and the judgment is not a debt created by fraud, within the meaning of the bankrupt act, and the plea of a discharge in bankruptcy was a good defense to an action of debt founded upon such judgment." See, also, Bump, Bankr. (10th Ed.) p. 743. It is quite true that a number of cases are cited by the plaintiffs in support of their contention; but we think, in all of the cases so cited, it will be found that there were either allegations of fraud in the complaint itself and the judgment, or that an order of arrest had been obtained in the action founded upon affidavits which were of record in the court in which the application was made, and that no case can be found where the application for a discharge of the judgment was successfully resisted by proof entirely outside of the record of the court in which the judgment was obtained. To allow such evidence at this late day would, in effect, be to convert a mere money judgment into one for fraud, and that without any opportunity for the defendants to contest such an issue before a jury, and notwithstanding more than six years have passed since the discovery of the fraud, which is the time limited for the commencement of such actions by section 382 of the Code.

Moreover, we do not think that section 5117 of the United States Revised Statutes was intended to, or did, in any way, affect or change the laws of the several states as to what constitutes a fraud, embezzlement, or defalcation, or fiduciary relation, as is apparent from the conflicting decisions of the courts of the United States and of the several states in regard to whether a factor or commission merchant does or does not act in a fiduciary capacity, in the conduct of his business. Am. & Eng. Enc. Law, p. 339, § 3, note 3, and cases there cited.

We therefore think that the plaintiffs, in obtaining the judgment they did, and in their subsequent proceedings, have waived any fraud there may have been in contracting the debt, and cannot now be heard to assert it, for the first time, by proof aliunde the record of this court. Besides, this is not a question which should be determined upon a summary application of this kind, as was said in

Shuman v. Strauss, 52 N. Y. 406. The order of the special term must therefore be reversed, with costs of this appeal, and an order entered discharging the judgment, with $10 costs. All concur.