In the Matter of the Examination of KIRK B. CRANE, Judgment Debtor, Appellant, in Proceedings Supplementary to Execution at the Instance of FRANCIS J. Fox and Another, Judgment Creditors, Respondents.

*Rehearing of a motion — proceedings supplementary to execution are proceedings in the action in which the judgment was recovered — when the appointment of a receiver therein is justified.*

A motion for the rehearing of an application for an order directing a judgment debtor in supplementary proceedings to deliver assets to the receiver of his property theretofore appointed by a county judge is properly granted at a Special Term of the Supreme Court, held by the same judge who held the Special Term at which the prior motion therefor was denied, when the judge perceives that his former ruling was erroneous because of oversight, misapprehension or mistake.

Proceedings supplementary to execution are proceedings in the action in which the judgment was recovered upon which such proceedings are based; the action is not terminated by the judgment rendered therein, but is pending until the judgment is satisfied, and the proceeding supplementary to execution is a new remedy arising in the action by virtue of the statute.

The appointment of a receiver of the property of a judgment debtor in supplementary proceedings is justified when the judgment debtor testifies therein that he was then carrying on a livery stable in his own name, and had done so since the twentieth of April then last past, at which time he had bought the property from his wife for the consideration of $1,000; that it consisted of horses, carriages, sleighs, etc., and a contract for the purchase of the lot and barn occupied by the business, which contract his wife assigned to him; that the money paid to his wife was advanced by a firm of Howe & Shields, to which he gave a chattel mortgage on the personal property for the security of the firm; that the personal property was not worth anything beyond the amount due on the chattel mortgage, nor the lot and barn worth any more than the amount due on the contract for its purchase, but that he was willing to assign the contract if he had any interest in it; that he kept an account book at the stable in which he kept an account of the business done by him, but that there was nothing then due on the accounts.

APPEAL by the judgment debtor, Kirk B. Crane, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Allegany on the 26th day of February, 1894, granting the judgment creditors' motion for a reargument of the motion made September 4, 1893, vacating the order entered upon such motion on September 4, 1893, and direct-

ing the judgment debtor to deliver to the receiver a certain contract and certain books of account.

*Rufus Scott,* for the appellant.

*A. L. Purdy,* for the respondents.

DWIGHT, P. J. :

On his examination under the county judge's order November 17, 1892, the judgment debtor testified that he was then carrying on a livery stable in his own name, and had done so since the twentieth of April then last ; that at that time he bought the property from his wife for the consideration of $1,000 ; that it consisted of horses, carriages, sleighs, etc., and a contract for the purchase of the lot and barn occupied by the business, which contract his wife assigned to him ; that the money paid to his wife was advanced by Howe & Shields, and that he gave them a chattel mortgage on the personal property for their security. He also testified that the personal property was not worth anything beyond the amount due on the chattel mortgage, nor the lot and barn worth any more than the amount due on the contract for its purchase, but that he was willing to assign that contract if he had any interest in it. He also testified that he kept an account book at the stable in which he kept an account of the business done by him, but that there was nothing then due on the accounts.

This testimony justified the appointment of a receiver, which was subsequently made by the county judge, and the receiver duly demanded of the judgment debtor the delivery of the book of accounts and an assignment of the contract for the purchase of the real estate, which were refused. Thereupon the judgment creditors moved at Special Term for an order requiring the judgment debtor to make such delivery and assignment. The affidavit used in support of such motion, made by the attorney for the receiver, set forth the facts above stated and, in addition, that at the date of the affidavit, August 24, 1893, the judgment debtor was still in charge of the stable, claiming to be in the employ of Howe & Shields, his successors in the business, but that Howe & Shields made no claim to any interest in the real estate.

No opposing affidavit was made by or in behalf of the judgment debtor, but his counsel made the preliminary objection that the supplementary proceedings were no longer pending; that they were terminated by the order of the county judge appointing the receiver, and that if not terminated the order asked for could be made only by the county judge; and the court denied the motion, apparently on the objection thus taken.

At the next Special Term held by the same justice the receiver united with the judgment creditors in a motion for leave to renew their former motion and that the relief then asked for be granted. The motion was made on the same papers as the former motion and was opposed by an affidavit of the judgment debtor denying that he had any books of account except those belonging to Howe & Shields, in whose employ he was. There was also an affidavit of the attorney for the judgment debtor verifying the legal conclusion that the supplementary proceedings had been terminated by a final order of the county judge, appointing the receiver and taxing costs, and stating that an action has subsequently been commenced by the receiver against Howe & Shields to recover the livery property and its earnings. On the hearing of this motion the preliminary objection was renewed on the same grounds as before, with the addition that the moving papers do not show "any error or mistake, or overlooking of authority or controlling decision of law in the making of the order of September 4, 1893" — which denied the motion — " nor is there any allegation of new fact or different state of facts." The objection was overruled and the motion was granted, both for leave to renew and for the relief asked for.

We have no doubt that the ruling and decision was within the discretion of the learned judge at Special Term, nor that the discretion was properly exercised. The motion for a rehearing is very properly granted by the same judge who first denied the motion, when he perceives that his former ruling was due to oversight, misapprehension or mistake; and such we may assume was the ground on which the rehearing was granted in this case. In *Arnold* v. *Oliver* (64 How. Pr. 452) Judge DANIELS — speaking for the General Term in the first department — says: " It was entirely proper under this rule, where a right created by law has been denied to the defendant, under what appears to have been a misapprehension, that

an application should be made to the court by whose order the right had been denied, for a further hearing of the application; the court had ample authority to entertain such a motion as it did " (see, also, *White* v. *Munroe*, 33 Barb. 650; *Belmont* v. *Erie R. Co.*, 52 id. 637; *Bolles* v. *Duff*, 56 id. 567; *Averell* v. *Barber*, 44 N. Y. St. Repr. 542), and manifestly the order, when asked for on the grounds above suggested, may be granted on the same papers as those used on the first application. (*Arnold* v. *Oliver, supra.*)

In this case the motion for a rehearing being granted, no ground was shown on which the relief asked for should have been denied. There was no question of fact involved which could not properly be disposed of on the motion. There was no pretense that Howe & Shields claimed title to the land contract, nor any substantial dispute concerning the title to the book or books of accounts kept by the judgment debtor while, as he testified on his examination, he was carrying on the business in his own name. So that even if the application had been made to the county judge there is nothing in the limitation of section 2427 of the Code of Civil Procedure to prevent its being granted by him. But the authority of the court in the premises is subject to no such limitation. The whole proceeding supplementary to execution is a proceeding in the action in which the judgment was recovered upon which the proceeding is based; that action is not terminated by judgment, but is pending until the judgment is satisfied, and the proceeding supplementary is a new remedy arising in the action by virtue of the statute (*Wegman* v. *Childs*, 41 N. Y. 159.) Or, as was said in this court in *Smith* v. *Tozser* (42 Hun, 22, 24): " Although this is a special proceeding, it is such in the action, and auxiliary to the purpose of enforcing the collection of the judgment, which is one of the purposes for which the action was brought; and the legitimate remedies attendant upon the proceeding, and to render it effectual, so far as the orders of the court may be required, are taken as in the action." In other words, the general jurisdiction of the Supreme Court extends to all proceedings in the action in which it originally obtained jurisdiction of the parties.

The commencement of the action by the receiver, mentioned in the affidavit of the attorney for the judgment debtor, can be no bar to this application. That action is in the nature of a creditor's bill,

and necessarily relates to property alleged to have been transferred by the judgment debtor to Howe & Shields, or, as the affidavit states, to the livery property and its earnings. This description does not include either the land contract or the books of account kept by the judgment debtor when he was carrying on the business for himself.

There seems to be no objection to the order, either formal or on the merits, and it should be affirmed.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.