(38 Misc. Rep. 139.)

### STROMBERG v. DI SALVO.

(Supreme Court, Appellate Term.   May, 1902.)

MUNICIPAL COURT—OPENING DEFAULT—MOTION BEFORE ANOTHER JUSTICE.

After defendant's motion to open his default in the municipal court had been denied on affidavits alleged by defendant to have been surreptitiously handed to the justice for the plaintiff after the argument of the motion, and because the justice himself misconceived that the defendant had paid the judgment voluntarily, the defendant applied without leave from that justice, within 18 days, for leave to reargue, and for a reargument of the motion before another justice, sitting in the court under the system of rotation in the assignment of its justices. Such justice granted a reargument, and vacated the order of the first justice denying the motion to open the default.  *Held*, not error, as the rule that one justice of the municipal court cannot review the decisions of another justice was not applicable, as the motion should be deemed practically a separate motion, made on different or additional facts.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Philip Stromberg against Monsneto Di Salvo. From an order in favor of defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and TRUAX and GILDER-SLEEVE, JJ.

Max D. Steuer, for appellant.
J. Palmieri, for respondent.

PER CURIAM. A motion was made by defendant before Justice Bolte to open a default taken before him, which motion was denied. While this order denying a motion to open a default was not appealable, still defendant could have appealed from the judgment, taken by default; and, if he could have shown manifest injustice, and satisfactorily excused his default, this court would have set aside the judgment, and ordered a new trial, upon such terms as might be proper. Code, § 3064. The defendant, however, did not do this, but applied for a reargument of the motion, to open the default, to Justice Roesch, who had succeeded Justice Bolte in the Second district of the municipal court. Justice Roesch allowed a reargument, and granted defendant's motion to open the default, and vacated the order of Justice Bolte denying the motion to open the default, thus overruling the decision of Justice Bolte. No application was made to Justice Bolte for leave to renew the motion, nor for a reargument of the same. One justice of the municipal court cannot sit as an appellate tribunal for the review of the decision of another justice of the municipal court. It would lead to much vexatious litigation, and would prove an unwise administration of justice, if one judge could, upon mere motion, set aside the decision of another judge, upon allegations that the latter had erred as to any of the questions submitted to his determination. People v. Trust Co., 31 Hun, 26. If a litigant feels aggrieved at a decision of a trial justice, he has his proper remedy by an appeal to a higher tribunal. The defendant, however, claims that Justice Bolte denied the motion under a mistaken conception of the facts, caused by certain affidavits surreptitiously submitted after the motion papers had been handed up to the court, and to which affidavits defendant did not have an opportunity to reply, and especially from a misconception in supposing the fact to be that defendant had paid the judgment voluntarily, instead of under compulsion, as claimed by the defendant. It is also asserted by defendant that, owing to the system of rotation in the assignments of municipal court justices, Judge Bolte had gone to another district of the said court before defendant had had an opportunity to apply to him for a reargument, or for leave to renew. It appears that Justice Bolte's order denying the motion to open the default was made on December 20th, and that the order to show cause why a reargument should not be had was obtained from Justice Roesch on January 7th following. The exact date upon which Justice Bolte left the court in the Second district is not given. We must, under the evidence presented, take the fact as established that Justice Roesch had regularly succeeded Justice Bolte in the Second district before defendant had had a reasonable opportunity to apply for a reargument. It would seem that the rule that

one municipal court justice cannot reverse another municipal court justice does not apply to the case at bar, for the reason that Justice Bolte had left the Second district court, and been succeeded there in regular order by Justice Roesch, and because the reargument was given not for the purpose of going over what had already been decided by Justice Bolte, but for the purpose of giving defendant a hearing, from which he had been precluded by the interposition of affidavits, unknown to defendant, subsequent to the argument and submission of the motion. It was practically a separate motion, on different or additional facts, that was made before Justice Roesch. It was not improper that the motion for leave to reargue and the reargument itself should be heard together, and disposed of by one order. Bolles v. Duff, 56 Barb. 574; Andrews v. Cross, 17 Abb. N. C. 92. The motion for the reargument had to be made in the Second district court, and the fact that the justice who decided the original motion was no longer presiding when the motion for a reargument was brought on, which latter motion was based on a different state of facts from those presented on the original motion, does not constitute a sufficient reason for refusing to defendant the hearing to which he would be entitled could he have brought the motion before the justice who decided the original motion. The case of Averell v. Barber (Sup.) 18 N. Y. Supp. 81, supports the doctrine above stated. That was a decision of the former general term of this department, where Mr. Justice Barrett and Mr. Justice Andrews held that a motion for a reargument could be made at special term to a justice other than the justice who decided the original motion, from which doctrine the presiding justice dissented. In the case at bar the defendant's time to appeal from the judgment entered on default has expired, and defendant will be without redress if the order appealed from cannot be sustained. While, as we have already stated, the rule is that one municipal court justice cannot review the decision of another justice of that court, and that the unsuccessful party should avail himself within the proper time of his remedy by appeal if he is not content with the original decision against him, still we are inclined to the opinion that the facts here disclosed are such as to take the case at bar out of the application of this rule. The decision of Justice Bolte was handed down after the time to appeal from the judgment had expired. It nowhere is denied by plaintiff that the affidavits were submitted on the submission of the motion, and without the knowledge of defendant. The justice evidently took the affidavits into consideration, for they are recited in Justice Bolte's order denying the motion. This court should render judgment according to the justice of the case, without regard to technical defects which do not affect the merits. Code, § 3063. We are of opinion that in the case at bar the ends of justice require that defendant should have an opportunity to be heard in his own defense. The order appealed from is affirmed, with $10 costs and disbursements.

Order affirmed, with $10 costs and disbursements. All concur.