### DENISON v. SHAWMUT MIN. CO.

(Circuit Court, W. D. New York. August 6, 1903.)

No. 62.

1. REMOVAL OF CAUSES—PROCEEDINGS AFTER REMOVAL—REVIEW OF RULINGS OF STATE COURT.

    A federal court to which a cause has been removed will not review any interlocutory question which was determined in the state court before removal, at least unless such a showing is made as would entitle the party applying to a rehearing under the state practice.

On Motion for Rehearing of a Motion to Set Aside an Attachment.

Rogers, Locke & Milburn (John G. Milburn, of counsel), for plaintiff.

Bissell, Carey & Cooke (James McCormick Mitchell, of counsel), for defendant.

HAZEL, District Judge. This is a motion for rehearing upon a decision of the state court setting aside an attachment prior to removal of the cause to this court. It is uniformly held that the Circuit Court of the United States to which a cause is transferred from the state court will not review any questions determined by that court before removal; nor, indeed, will it listen to a motion for rehearing of a similar motion in the state court, as such hearing is held to be merely another name for an appeal. Loomis v. Carrington (C. C.) 18 Fed. 97–99; Cleaver v. Traders' Ins. Co. (C. C.) 40 Fed. 711. All interlocutory questions decided while the cause was in the state court are res adjudicata so far as this court is concerned. Brooks v. Farwell (C. C.) 4 Fed. 166, 2 McCrary, 220; Milligan v. Lalance & Grosjean Mfg. Co. (C. C.) 17 Fed. 465, 21 Blatchf. 407; Lookout Mountain R. Co. v. Houston (C. C.) 44 Fed. 449; Allmark v. Platte S. S. Co. (C. C.) 76 Fed. 615. It is undoubtedly true that the power to entertain a motion for rehearing may be exercised by this court after a transfer of the cause from the state court (Garden City Mfg. Co. v. Smith, Fed. Cas. No. 5,217, 1 Dill. 305), but such power should only be exercised in strict conformity with prevailing practice of the state court from which the cause was removed. Now it is quite clear from the preliminary discussion had upon this motion for leave to reargue that an exhaustive hearing was had upon the merits before Judge Childs. No new facts are disclosed here. The entire claim to the right of rehearing is based upon the erroneous disposition of the motion in the state court. The prevailing practice in that court is not to allow a rehearing unless it is manifest that all the facts were not presented to the court upon the decision of the original motion, or unless some facts were overlooked which through inadvertence or mistake led the court into error. Van Wagener v. Royce (Sup.) 21 N. Y. Supp. 191; The Matter of Crane, 81 Hun, 96, 30 N. Y. Supp. 616.

No ground is here shown which would justify this court in granting a rehearing. The motion is therefore denied.