(115 App. Div. 307)

LOWTHER v. LOWTHER et al.

(Supreme Court, Appellate Division, First Department. November 5, 1906.)

1. EXECUTION—SUPPLEMENTARY PROCEEDINGS—NATURE AND FORM.

    While proceedings supplementary to execution are proceedings in an action in which the judgment is obtained, the action not being deemed terminated until the judgment is satisfied, the proceeding is not instituted by or in the court in which the judgment was obtained, but by a judge of the court or some other judge having concurrent jurisdiction as provided by Code Civ. Proc. § 2434.

    [Ed. Note.—For cases in point, see vol. 21, Cent. Dig. Execution, §§ 1097, 1098.]

2. WITNESSES—SUBPŒNA—ISSUANCE BY ATTORNEY.

    A subpœna to testify as a witness is a "process" and when issued out of a court of record, as on the trial of the action, may be issued by the attorney for the party, as provided by Code Civ. Proc. § 24, without application to a court or judge by signing it himself, and testing it in the name of a judge of the court and of its clerk.

    [Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, § 11.]

**3. SAME—SUPPLEMENTARY PROCEEDINGS.**

Where proceedings supplementary to execution are pending before a judge of the Supreme Court, a subpœna for a witness in such proceedings, must be issued by the judge, and not by the attorney for the judgment creditor, under Code Civ. Proc. § 854, providing that where a judge, referee, or other person is authorized to hear, try, or determine a matter in relation to which the attendance of a person as a witness may be required, a subpœna may be issued by or under the hand of the judge or referee requiring the attendance of such person.

**4. SAME—SUMMONING WITNESSES—STATUTES.**

Code Civ. Proc. § 2444, providing that on an examination in supplementary proceedings either party may be summoned as a witness in his own behalf, and may produce and examine other witnesses as on the trial of an action, relates to the manner in which the examination shall be had after the witness has been properly summoned, and not to the manner of summoning the witness to appear by subpœna.

Appeal from Special Term, New York County.

Supplementary proceedings by Clarence L. Lowther, judgment creditor against Charles S. Lowther and another. From an order refusing to set aside a subpœna issued by the judgment creditors' attorney, defendant, Amelia R. Lowther, appeals. Reversed.

See 97 N. Y. Supp. 5.

Argued before O'BRIEN, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Henry A. Friedman, for appellant.

L. A. Warren, for respondent.

HOUGHTON, J. The plaintiff recovered in the Supreme Court a judgment against the defendant for a large sum of money, and, upon return of execution unsatisfied, instituted before one of the justices of that court, proceedings supplementary to execution. An examination of the judgment debtor had been had, but the proceeding itself had not been concluded, and was still pending before the justice who granted the original order. The judgment creditor desired to examine appellant to whom it is claimed the judgment debtor fraudulently transferred a large amount of property; and to that end his attorneys issued a subpœna in the usual form, subscribed by them, tested in the name of the justice before whom the proceeding was pending, and appended thereto the name of the clerk of the court. A motion was made to set aside this subpœna on the ground that it was a nullity, because it was not signed by the justice before whom the proceeding was pending, and from the order refusing to set it aside this appeal is taken.

While in a sense proceedings supplementary to execution are proceedings in the action in which the judgment is obtained, because the action is not deemed in law terminated until the judgment is satisfied (Matter of Crane, 81 Hun, 96, 30 N. Y. Supp. 616), still the proceeding is not instituted by or in the court in which the judgment has been obtained, but by a judge of that court or some other judge given by law concurrent jurisdiction therefor. Code Civ. Proc. § 2434. A subpœna to testify as a witness is a "process" within the meaning of the statute (Yorks v. Peck, 31 Barb. 350), and when it is issued out of a court of record, as upon the trial of an action, authority is given by section 24

of the Code of Civil Procedure to the attorney for the party to issue it. In an action or proceeding pending in a court of record unless the law otherwise specifies, an attorney for a party may issue a subpœna without application to a court or judge, by signing it himself and testing it in the name of a judge of the court and of its clerk (People ex rel. Jacobs v. Ball, 27 Hun, 245) ; and such is the universal practice. Where, however, a judge or an arbitrator, referee, or other person, or a board or committee is expressly authorized by law to hear, try, or determine a matter in relation to which the attendance of a person as a witness may be required, it is expressly provided by section 854 of the Code of Civil Procedure:

"That a subpœna may be issued by and under the hand of the judge, arbitrator, referee, or other person, or the chairman or a majority of the board or committee, requiring the person to attend; and also, in a proper case, to bring with him a book or paper."

We think this provision is imperative, and that under such circumstances a subpœna must be issued under the hand of the judge, or referee, arbitrator, or other person, and that it applies to a subpœna issued in supplementary proceedings. As has been pointed out, such proceedings are not instituted in the court or by the court, but by a judge who is given special authority therefor.

The provision of section 2444 of the Code that on such proceeding either party may be examined as a witness in his own behalf, and may produce and examine other witnesses, "as upon the trial of an action," relates, not to the manner of summoning a witness to appear by subpœna, but to the manner in which the examination shall be had after the witness has been properly summoned. The subpœna should have been signed by the judge before whom the proceeding was pending, and, having been issued without his signature, and by the attorney alone, it was a nullity and the motion to set it aside should have been granted. Judgment creditors are given the right by law to examine witnesses on proceedings supplementary to execution instituted against their judgment debtors; and it has long been the rule on such examinations "that the fullest scope was intended to be given to ferret out fraudulent transfers of property." Lathrop v. Clapp, 40 N. Y. 328, 331, 100 Am. Dec. 493. The Legislature might well have given authority to the attorney for the judgment creditor to issue subpœnas without application to the judge who granted the order for the examination. It has not done so, however; but, on the contrary, has provided that such subpœna shall be issued by the judge or referee before whom the proceeding is pending.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion to set aside the subpœna granted, with $10 costs. All concur.