(67 Misc. Rep. 547.)

### FIRST NAT. BANK v. GOW.

(Supreme Court, Special Term, New York County.  May, 1910.)

EXECUTION (§ 397*)—SUPPLEMENTARY PROCEEDINGS—SCOPE OF INQUIRY.

> Upon examination of a judgment debtor in supplementary proceedings while the judgment creditor may subpœna and examine a third person, whom the judgment debtor is suing to set aside a transfer of his interest in a firm, of which he and the witness were the members, the judgment creditor may not prosecute inquiries to ascertain how much the judgment debtor owed the witness for the purpose of finding out if the witness has a defense to an action to set aside the transfer.

> [Ed. Note.—For other cases, see Execution, Cent. Dig. § 1149; Dec. Dig. § 397.*]

Action by the First National Bank of the City of New York against William Gow.  On motion to limit examination of a witness in supplementary proceedings.  Motion allowed in part.  Order modified 124 N. Y. Supp. 454.

William Rand, Jr., for judgment debtor.
Eldon Bisbee, for Artemus Ward, a witness.

WHITNEY, J.  The pendency of a suit by the judgment debtor against this witness upon the alleged cause of action concerning which his testimony is sought in these supplementary proceedings is no bar to the examination.  Even if the judgment creditor were suing him, these proceedings could be used for the purpose of an examination before trial, as the law is settled in this department at least.  The contrary of the latter proposition was held by Mr. Justice Barrett in 1885, in Schloss v. Wallach, 16 Abb. N. C. 319 note, but he was reversed by the General Term (38 Hun, 638), and an appeal to the Court of Appeals was dismissed (102 N. Y. 683).  The decision was followed a little later in Marx v. Spaulding, 43 Hun, 365.  An appeal was taken to the Court of Appeals in the latter case, but the proceedings were abandoned and it was, therefore, never heard, so that these decisions stand as the law, unquestioned, so far as I am aware, for nearly a quarter of a century.  The subpœna duces tecum can, therefore, not be set aside.

The real question is whether under the witness' prayer for further relief it should be modified by striking out the clause which directs him to produce any statement of account showing indebtedness from the judgment debtor to the firm in which they two were the copartners.  The judgment creditor is endeavoring to set aside an assignment to the witness of the judgment creditor's interest in the good will and other assets of that firm.  In seeking to know how much the judgment debtor was indebted he is trying to find out whether the witness, if sued, could establish a certain defense.  That is something which he would not have been allowed to fish for by a bill of discovery under the old equity practice (Daniell, Ch. Pl. & Pr. 579; 2 Barb. Ch. 101, note 3), and is not allowed to fish for in an examination before trial under our present practice.  Caldwell v. Glazier, 128 App. Div. 315, 112 N. Y. Supp. 655.  To permit it here, where the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

witness has not even a recognized right to counsel, would not be warranted by the simple provision that "either party * * * may produce on examination other witnesses, as upon the trial of an action." Code Civ. Proc. § 2444. The language of the sections under which parties are examined before trial is not more restrictive. No such point was raised in the cases upon which the judgment creditor relies. Lathrop v. Clapp, 40 N. Y. 328, 100 Am. Dec. 493; Lowther v. Lowther, 115 App. Div. 307, 100 N. Y. Supp. 965. In discussing the old bill of discovery in the former case, in fact, the court said that supplementary proceedings are "a more simple and less expensive mode of accomplishing the same thing."

The subpœna will be modified by striking out the clause above referred to, and the examination thereunder limited to such topics as could be included in an examination before trial in a suit brought by the judgment creditor against the witness. In other respects, the motion is denied.

Ordered accordingly.