In the Matter of Supplementary Proceedings: EVA BALLON, as Assignee of SETH MARRUS, an Individual Trading under the Firm Name of SUPERIOR DUCK CLOTHING COMPANY, Respondent, *v.* MARY RITI and Another, Individually and as Copartners Doing Business as CITY COAT AND APRON LINEN SUPPLY COMPANY, Defendants.

JOSEPH KRATENSTEIN, a Witness, Appellant.*

Second Department, November 17, 1933.

*Benjamin Lewis [George X. Levine with him on the brief], for the appellant.*

*Ernest J. Aries, for the respondent.*

PER CURIAM. The basis of the claim that the City Court of Yonkers has power to issue its subpœna for service outside of the county is section 4 of title 1 of chapter 416 of the Laws of 1893. This act was unconstitutional.

* Appeal dismissed, 264 N. Y. 67.

By the Constitution of 1846 (Art. VI, § 14), as amended in 1869 (Art. VI, § 19), the Legislature was empowered to establish inferior courts with criminal and civil jurisdiction. Under that grant the exercise of jurisdiction of the inferior court was limited to the locality in which it was lawfully established, and its processes could not be executed outside of that jurisdiction. (*Geraty* v. *Reid*, 78 N. Y. 64; *Rockwell* v. *Raymond*, 5 N. Y. Supp. 642.) A subpœna is process. (*Lowther* v. *Lowther*, 115 App. Div. 307; *Yorks* v. *Peck*, 31 Barb. 350.)

The Constitution of 1894 (Art. VI, § 18) did not change this territorial limitation. (*Worthington* v. *London G. & A. Co.*, 164 N. Y. 81.)

By the constitutional amendment effective January 1, 1926 (Art VI, § 18), the Legislature was empowered to regulate or discontinue any inferior local court then or thereafter established, and to provide that the territorial jurisdiction in civil cases of any inferior or local court now existing or hereafter established in any city shall extend throughout the county or counties in which such city may be located.

By section 3 of chapter 852 of the Laws of 1930, subdivision 3 of section 2 of title 1 of chapter 416 of the Laws of 1893 was repealed, and a new subdivision 3 added in place thereof, to read as follows: " 3. The territorial jurisdiction of the court shall extend throughout the county of Westchester and it shall have power to send its process and other mandates to any part of the county of Westchester for service or execution in an action or special proceeding over which it has jurisdiction."

Section 4 of title 1 of chapter 416 of the Laws of 1893, above referred to, was not expressly repealed. It seems, however, that the limitation of the jurisdiction to send process and mandates to any part of the county of Westchester, pursuant to chapter 852 of the Laws of 1930, was in effect a repeal of the provision of the Laws of 1893, permitting the service of a subpœna outside of the county, even if that had been an effective provision.

The order of the City Court of Yonkers granting motion to punish appellant for contempt should be reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

Order of the City Court of Yonkers granting motion to punish appellant for contempt reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.