### CORNING & NORTON vs. WHITE.

The judgment creditor who first files his bill in chancery obtains a priority in relation to the property and effects of the defendant which cannot be reached by execution at law.

An insolvent may assign his property for the benefit of all his creditors, rateably, without depriving himself of the privilege of applying for a discharge from imprisonment for debt, under the statute.

An assignment, after the lien of a creditor has attached by the filing of a bill, only conveys the property to the assignee subject to that lien.

THE bill in this cause was filed by judgment creditors to reach the equitable assets of the defendant, after an execution at law issued against him had been returned unsatisfied. The defendant, in his answer, admitted the rights of the complainants, and that he possessed equitable assets ; but alleg-

*August 4th.*

ed that he had other judgment creditors whose executions were unsatisfied. And he insisted that they were entitled to a share of his property.

*Ira Harris*, for complainants.

*J. R. Lawrence*, for the defendant.

THE CHANCELLOR. This court has frequently decided that the creditor who first files his bill here to reach the defendant's property, which cannot be sold on an execution at law, obtains a preference ; and that the defendant has no right to object that there are other creditors whose debts he had also refused to pay out of such property. Equality among creditors is equity, whether their debts are in judgment, or otherwise ; and every debtor has the right to act upon that principle, without impairing any of his rights. He cannot be discharged under the insolvent acts, if he gives a preference to one creditor over another, knowing himself to be insolvent. But if he is an honest man, and wishes to put all his creditors upon an equality, he may assign his property to his creditors, to be distributed among them rateably ; or he may convey it to some responsible trustee, to be applied to the payment of all his debts, without giving preference to any. If he does this before any of the creditors have obtained a preference at law, or by filing a bill in this court, they will all be placed on a footing of equality. But the filing of the bill here, under the provisions of the revised statutes, operates as an attachment of property which cannot be levied on at law. It gives to the vigilant creditor a right to a priority in payment ; and the creditor who next files his bill will have the second lien. An assignment under the insolvent act, after the commencement of the suit, only gives to the assignee a right to the surplus, after payment of the complainant's debt. The defendant, after the service of the injunction, can only make an assignment subject to the prior equity of the complainant, The receiver is an officer of the court who takes the property and holds it subject to the equitable claims of all parties ; and after payment of the debt of the complainants, he will be directed to bring the

surplus into court, to be paid over to whoever may be entitled to the same.

There must be a decree in this case, declaring the right of the complainants to all the property, choses in action, or other equitable effects of the defendant, which he had at the time of the commencement of this suit, or which were held in trust for him, except his necessary bedding and other articles which are exempt from execution, or so much thereof, as may be necessary to pay their judgment, in the pleadings in this cause mentioned, together with the costs of this suit; and a receiver must be appointed to receive the said property, choses in action, and effects, to convert them into money, and to apply the same in satisfaction of the judgment and costs.

There must also be a reference to a master, residing in the county of Onondaga, to appoint a proper person as receiver, and to take from him sufficient surety for the execution of his trust. And the defendant must disclose, assign, and deliver over on oath to such receiver, under the direction of such master, all such property, choses in action, and effects, and the proceeds of such as have been received and collected by him since the commencement of this suit. The receiver is to have the usual power to compromise and collect the debts, and convert the property and effects into money, and to apply the same in satisfaction of the complainant's debt and costs. And either party is to be at liberty to apply to the court, on petition, for such further directions in the premises as may be necessary. If the defendant has been discharged under the insolvent act, since the commencement of this suit, and the assignee has taken possession of any of the property, in violation of the injunction, as he is chargeable with constructive notice of the pendency of this suit, it will be his duty to deliver the same over to the receiver, subject to his claim upon the surplus, if any there be, for the benefit of the general creditors.