SMITH, In re.   See Case No. 11,746.

———

## Case No. 12,997.

Case of SMITH.

[1 Pa. Law J. 149.]

Circuit Court, N. D. New York.   1842.

BANKRUPTCY—LIEN—CREDITOR'S BILL.

The mere filing of a creditor's bill against the bankrupt, without the service of an injunction, gives no such lien to the complainant as would prevail over the rights of the assignee in bankruptcy.

The case [of Charles Smith, Jr.] was argued by Mr. Duer for complainants in the creditor's bill.

Mr. Myers, for assignee, on a former day.

The matter having been in the meantime held under advisement, the court now decided that the assets passed to the assignee, and ordered the same to be delivered to him. Judge CONKLING said he considered the point entirely clear, both upon principle and authority. There was nothing in the cases cited by the counsel for the creditor, which, properly understood, militated at all against the conclusion he had formed.

In the case of Corning v. White, 2 Paige, 567, on which the counsel chiefly relied, the defendant, in his answer, admitted the judgment and execution of the complainants, and that he possessed equitable assets; but alleged that he had other judgment creditors, whose claims were unsatisfied. The only point involved in the case, and the only one decided therefore, was, that the complainants were entitled, as the reward of superior vigilance, to a preference over the other creditors. The language of the chancellor is to be interpreted with reference to the facts of the case before him, and to the point in judgment. What he says of the effect of filing a bill, in giving a preference to the complainant over other creditors, is to be considered as descriptive of the nature and form of the proceeding, and has no reference to the particular question involved in this case. And his remark concerning the effect of such a suit upon the

title acquired by the assignee of an insolvent debtor, is very far from importing that the filing of the bill alone creates a lien on the debtor's property.

If obscurity rested upon the question before, (which however he did not admit,) it was removed by the recent decision of the court of chancery in the case of Hayden v. Bucklin [9 Paige (N. Y.) 512], in which it was held that an assignment by the judgment debtor of his property to a third person, after the filing of a creditor's bill, but before the actual service of a subpœna, was valid and effectual in favour of the assignee. In that case the injunction, which, together with a subpœna, had been issued at the time of the filing of the bill, but which was not served until the day after the assignment, was, upon this ground, dissolved. His honour said a decree of bankruptcy certainly could not be less efficacious than an assignment by the voluntary act of the debtor himself, and he was bound to suppose that the court of chancery would so decide, and would at once, upon application, relieve the bankrupt from the injunction which had been issued and served subsequently to the decree in this case.

It had been objected, that the court ought not thus summarily to decide upon the conflicting claims of the adverse parties. But it was the duty of the assignee in behalf of the creditors, at once to take into his possession the property of the bankrupt, and it is provided by one of the rules made in pursuance of the act [of 1867 (14 Stat. 517)] that the assignee on proper evidence and on motion of the court, may have the requisite order and process of the court put to him in possession of the bankrupt's estate, books, vouchers, accounts. To the demand of the assignee in this case, the bankrupt replied that a creditor's bill had been filed against him the day before the decree of bankruptcy was entered, and that subsequently, and after the decree, an injunction had been served on him—that for this reason he must decline to surrender his books of account, &c. The assignee, supposing this to be an insufficient reason for his refusal, applied to the court as he was bound to do, in pursuance of the above mentioned rule. Notice of this application was ordered to be given to the prosecuting creditor, who has appeared by counsel to resist the application of the assignee.

The facts set forth in the petition of the assignee were distinctly admitted. Thus the question was directly presented for decision, whether the bankrupt could lawfully refuse to surrender the assets in question, and Judge CONKLING said he did not perceive any ground on which he could justifiably refuse to decide it. He had patiently listened to the able argument of the counsel for the creditor, and had no doubt of the soundness of the conclusion at which he had arrived. The proceeding, it is true, was

summary; but there was no dispute concerning the facts, and the parties had been fully heard upon the law. The act expressly required that the proceedings under it should be summary, and enjoined it upon the courts to take care that they should be brought to a speedy conclusion. In the case of Hayden v. Bucklin, already mentioned, precisely the same question was decided in the same manner, on a motion to dissolve the injunction—a proceeding quite as summary as this.

His honour said he was extremely solicitous to avoid even the appearance of collision with the state tribunals, and if he could properly have left this controversy to be decided in the state court, he should have been glad to do so. But having been first presented for decision here, he conceived he had no right to refuse to pass upon it; and he regretted this necessity less than he should otherwise do, because he entertained not the slightest doubt that the decision he had felt himself compelled to make, was precisely that which the state court would have made had the question first arisen there. It was scarcely necessary, his honour said, to add, that according to his views of the matter, no conflict of jurisdiction could, in fact, possibly grow out of this proceeding, because the injunction from chancery could operate, and was intended to operate, only on the property of the defendant, which, in the language of the bankrupt act, had, ipso facto, been divested out of him, and vested in the assignee, by force of the decree of bankruptcy.