## BOSTWICK *a.* BEIZER.

*New York Common Pleas; Special Term, February,* 1859.

RECEIVER IN SUPPLEMENTARY PROCEEDINGS.—ASSIGNEE FOR BENEFIT OF CREDITORS.

A receiver in supplementary proceedings is not trustee alone for the parties at whose instance he was appointed, but for all the creditors of the judgment-debtor.

He is to administer the property vested in him, under the direction of the court, for the benefit of all, first discharging those debts which have acquired an equitable priority.

The receiver in supplementary proceedings brought an action to set aside an assignment for benefit of creditors made by the judgment-debtor, and obtained judgment therein.

*Held,* that the judgment should allow to the assignee all payments made under the assignment to others than himself prior to the commencement of the action.

Action by a receiver of the property of a judgment-debtor appointed in supplementary proceedings.

HILTON, J.—A receiver appointed under the provisions of the Code, upon proceedings supplementary to execution, becomes, immediately upon his appointment, vested with the entire property, both real and personal, of the judgment-debtor; and he does not hold the property thus vested in him as trustee only for the plaintiffs in the judgment and proceedings in which he is appointed, but he represents *all* the creditors, and is *trustee* for *all.*

As such he may institute proceedings to set aside fraudulent conveyances and transfers made by the debtor, and which are either void at common law or forbidden by statute; and upon the court declaring such transfers void, the entire property of the debtor covered or affected by them, passes to the receiver, who becomes, as is said in Porter *a.* Williams (5 *Seld.,* 142, 150), a trustee for all parties, and is bound to apply the effects of the debtor faithfully to the payment of the debts, according to their *legal* or *equitable* priorities; and if any thing remains, to restore it to the debtor or his grantee.

In an action of this nature he represents the interests of all the creditors, and the estate which comes to his hands belonging to the debtor is to be administered by him under the direction of the court for the benefit of all, first discharging those debts which have acquired an equitable precedence. (Corning *a.* White, 2 *Paige,* 567; Porter *a.* Williams, *supra;* Chautauque County Bank *a.* White, 2 *Seld.,* 236.)

In settling the decree it has been shaped in accordance with these views, allowing the assignee all payments made under the assignment, to others than himself, prior to the commencement of this action.