JOSEPH BLUMENTHAL, Respondent, *v.* ROBERT J. ANDERSON et al., WILLIAM K. HALL et al., Appellants.

A judgment having been perfected in this action against plaintiff for costs and for damages occasioned by a temporary injunction issued therein, a settlement was made between the parties and a release executed by defendants in fraud of the rights of H. & B., their attorneys, which release was set aside on motion. An action was then brought by said attorneys against the parties herein to determine and enforce their lien upon the judgment. Before the trial thereof the plaintiff here was discharged in bankruptcy. Judgment was rendered and perfected adjudging the former judgment to be in full force and unpaid, and that the attorneys had a lien to an amount specified, and were entitled to enforce a collection thereof. On motion under the Code of Civil Procedure (§ 1268), to have the judgment herein canceled and discharged of record because of the discharge in bankruptcy. *Held,* that plaintiff was not barred by the judgment in favor of the attorneys; that said judgment had no other effect than to determine the extent of and to enforce their lien, leaving the original judgment, like other debts of the bankrupt, subject to the bankrupt law; and that he was entitled to the relief sought.

(Argued December 12, 1882; decided January 23, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made October 27, 1882, which reversed an order of the Special Term, denying an application on the part of plaintiff to have the judgment against him canceled and discharged of record. (Reported below, 28 Hun, 93.)

It appears from the papers submitted that this action was commenced in January, 1875, for the purpose of setting aside a conveyance alleged to be fraudulent, and to compel the specific performance of a contract. The defendants employed Messrs. Hall and Blandy, as their attorneys, to appear for them and defend the action. In July, 1876, a judgment was entered in favor of the defendants, against the plaintiff, dismissing the complaint and for $3,126.80 costs. This sum was further augmented by an award for damages to the defendants for $750, granted because of a temporary injunction which, on plaintiff's application, had been issued herein. Said attorneys

gave written notice to the plaintiff that they claimed a lien upon the judgment for their services, and notified him not to settle with any persons other than themselves, and also gave similar notice to the plaintiff's attorneys. They then commenced an action in the Court of Common Pleas against the plaintiff and defendant to determine and enforce their lien. No personal claim was made against plaintiff. The parties notwithstanding the notice had a settlement and defendants executed a release of the judgment. Subsequently an order was granted to show cause why the release and satisfaction-piece should not be set aside, and said attorneys have leave to issue execution; the result of which was, that the satisfaction-piece was vacated and set aside and the clerk of this court directed to take and remove the same from the files of his office and mark the docket of the judgment in his office as restored to full force. In April, 1880, in the action brought by Messrs. Hall and Blandy, as aforesaid, judgment was entered against the defendants here for the sum of $5,400 and costs, also adjudging, among other things, that the judgment against plaintiff remained in full force and wholly unpaid, and a lien thereon to the extent of $5,400 existed in favor of said attorneys, and that they were entitled to enforce the collection of the same and the award, and apply the same toward the payment of their judgment. In January, 1880, plaintiff was discharged in the bankruptcy proceedings from all debts existing on the 31st of August, 1878, on which day the petition for adjudication was filed by him, and in March, 1882, an order was granted to the plaintiff to show cause, founded upon his proceedings in bankruptcy, upon which the application, aforesaid, was based.

*Nathaniel C. Moak* for appellants. It is not enough that the record shows irregularity or gross error; the defect must involve jurisdiction. (*Falkner* v. *Guild,* 10 Wis. 563, 572.) Granting more, or greater, relief than is asked for by the complaint is, at most, an irregularity which can only be taken advantage of by motion in the suit in which it is granted. (*Peck* v. *N. Y., etc.,* 85 N. Y. 246, 250–1; *Hunt* v. *Hunt,* 72 id. 217, 228–30; *Jordan* v. *Van Epps,* 58 How. Pr. 338, 348;

*Clarke* v. *Holdridge*, 40 id. 320; *Holbrook* v. *Dominy*, 69 N. Y. 238; *Krekeler* v. *Ritter*, 62 id. 372, 374–5; *Jenkins* v. *Fahey*, 73 id. 359.) A judgment taken contrary to express agreement is legal and valid, and cannot be treated collaterally as a nullity. ( *Whitaker* v. *Merill*, 28 Barb. 526.) Whatever relief the plaintiff is entitled to he should have obtained in the Common Pleas action by pleading his discharge in bankruptcy; which had been rendered prior to the trial and judgment. (*Monroe* v. *Upton*, 50 N. Y. 593, 595; *Stilwell* v. *Coope*, 4 Denio, 225; *Clark* v. *Rawlings*, 3 N. Y. 216.) A discharge in bankruptcy is no bar to an action on a judgment subsequently recovered. It is not material that the judgment was entered on a default taken before the discharge was granted. (*Revere* v. *Cooper Co.*, 15 N. Y. W'kly Dig. 349.) A subsequent promise to pay avoids a discharge. (*Dusenbury* v. *Hoyt*, 53 N. Y. 521; *Graham* v. *O'Hearn*, 11 Week. Dig. 547; *Dewey* v. *Moyer*, 72 N. Y. 70–75.)

*Joseph Ullman* for respondent. A judgment obtained before the debtor has been granted a discharge in bankruptcy must, on proper application, be canceled if it is covered by the discharge. (*Am. Ex. B'k* v. *Brandreth*, 12 Hun, 384; *Fellows* v. *Kittredge*, 56 How. Pr. 498; *In re Brandreth*, 14 Hun, 585; Code, § 1268.) The bankrupt discharge on its face includes the judgment in question, and cannot be collaterally impeached. It is "conclusive evidence" of the fact and regularity of the discharge, and cannot be attacked in a State court. (*Ocean Nat. B'k* v. *Olcott*, 46 N. Y. 112; Blumenstiel on Bankruptcy, 554; *Monroe* v. *Upton*, 50 N. Y. 593.) If a judgment gives greater relief than the complaint demands, it is void. (*Simonson* v. *Blake*, 20 How. Pr. 484.) A promise, in order to revive a debt, must be clear, distinct and unequivocal. (Blumenstiel on Bankruptcy, 552; *Allen* v. *Ferguson*, 9 Bankr. Reg. 481; 18 Wall. 1.)

DANFORTH, J. The settlement of the judgment in favor of Anderson and others, against Blumenthal, was in fraud of the

rights of Hall and Blandy, but when the settlement was annulled, those rights were restored and the parties stood as before. The action brought by them in the Court of Common Pleas was to establish the extent of their interest, and the judgment had no other effect. So long as the judgment debt existed, it was theirs, and to be enforced for their benefit. It was subject, however, like other debts, to the bankrupt law, and the judgment debtor having been discharged from his debts, pursuant to its provisions, was entitled to have the judgment canceled and discharged of record. (Code of Civil Procedure, § 1268.)

The order of the Special Term, denying this relief, was therefore properly reversed, and the debtor's application granted by the General Term. The reasons assigned by that court for its action have not been satisfactorily answered by the appellant and we think its order should be in all respects affirmed.

All concur.

Order affirmed.