(3 App. Div. 149.)

PARKER v. SELYE.

(Supreme Court, Appellate Division, Fourth Department. March 14, 1896.)

1. ABATEMENT—ANOTHER ACTION PENDING.

A complaint alleged that plaintiff had previously commenced an action against one S. and his wife, the present defendant, to recover an interest in land, and that notice of pendency was filed with the complaint therein; that an interlocutory judgment was entered, adjudging plaintiff to be entitled to an undivided one-half of the property, and directing S. to account for that portion which he had not sold; that after the commencement of said action, but before the trial, defendant in the present suit filed a deed from S., conveying to her a portion of the premises. The original complaint, referred to as a part of the complaint herein, showed that defendant was made a party to the first suit merely as the wife of S., and that no relief was sought against her, though the decision directed her to execute, with S., a deed of the property still unsold. In the present suit plaintiff asked that the premises conveyed by S. to defendant be subjected to the former judgment. Held, that the complaint did not, on its face, show that another action was pending between the same parties "for the same cause."

2. SAME—SUPPLEMENTAL COMPLAINT.

A complaint is not demurrable, on the ground that another action is pending between the same parties for the same cause, merely because it shows that the same cause might have been embraced in the former suit by an amended or supplemental complaint.

Appeal from special term, Monroe county.

Action by Josephene S. Parker against Anna G. Selye. From a judgment sustaining a demurrer to the complaint, on the ground that it showed that another action was pending between the same parties for the same cause, plaintiff appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Quincy Van Voorhis, for appellant.
William F. Cogswell, for respondent.

WARD, J. Lewis Selye, of Rochester, N. Y., deceased, was the owner of about 32 acres of land in the city of Rochester, of great value. He died intestate, leaving, as his heirs at law, his granddaughter, Josephene S. Parker, the plaintiff and appellant here, and his son, De Villo W. Selye; but the property was largely incumbered by various mortgages which the deceased had executed. The complaint in this action alleges, in substance, that on the 16th of February, 1893, the plaintiff commenced an action in the supreme court against the said De Villo W. Selye and the defendant, Anna Selye, for the purpose of asserting the plaintiff's rights in the said real estate, and having it adjudged that she was the owner of an undivided half thereof; that such action was brought

to trial on the 18th day of May, 1894, and an interlocutory judgment was entered in said action, by which it was adjudged that title to the premises inured to the benefit of Selye and the plaintiff as tenants in common; that on the 15th day of December, 1893, a deed from De Villo W. Selye to his wife, the defendant here, of 21 building lots, parts of said premises, was placed upon record in Monroe county clerk's office. The complaint refers, as a part of it, to the complaint in the original action, and to the judgment roll in that action, and "that said. complaint and notice of pendency of the said action were filed in the clerk's office of Monroe county on the 16th day of February, 1893." The plaintiff succeeded in such action, and an interlocutory judgment was entered therein, adjudging her to be entitled to an undivided one-half of the property, and requiring the said De Villo W. Selye to account for the proceeds of that portion of the property which he had sold under a power of attorney from the plaintiff, and that an accounting be had before Arthur E. Sutherland as referee. By reference to the complaint in the original action, it appears that the plaintiff in this action was the plaintiff therein, and that De Villo W. Selye, Anna C. Selye, his wife, and Selye Park Building-Lot Association were the defendants. No relief was sought therein against the defendant in this action, nor any claim made against her, and, indeed, she is only mentioned in the title of the action as the wife of De Villo W. Selye; but the decision of the court and the judgment in the former action directed that she should execute, in conjunction with her husband, and deliver to the plaintiff, a deed of conveyance of all that portion of the premises which had not been conveyed pursuant to contracts of sale theretofore. The complaint in this action further alleged "that the defendant now claims that the said lots were conveyed to her by De Villo W. Selye prior to the commencement of said action [the first action], and that therefore they are not in any manner affected by said action or said judgment." The relief demanded in this action is that the real estate described in the deed to the defendant be subjected to the judgment in the first action, and for such further relief as the court might· grant.

The demurrer, to be successful, must establish the fact, from the face of the complaint, that another action is pending for the same cause between the same parties. Code, § 488, subd. 4. The first action is undoubtedly pending as to the defendant De Villo W. Selye, as only an interlocutory judgment has been obtained therein, and an accounting ordered, preparatory for final judgment, which must be obtained before the action can be regarded as terminated. The parties in the first action were the plaintiff in this, the defendant herein, with her husband, and one other defendant. So far as the parties here are concerned, they may be regarded as the same parties, though not all of the parties, in the first action. The difficulty with the demurrer lies in the fact that it does not appear, upon the face of the complaint, that the present action is for the same cause as the first. The first action, as we have seen, was aimed at the husband, De Villo W. Selye, to compel him to

account for the interest of the plaintiff in the property; and in that action no relief was sought by the complaint therein against the defendant here. It is true that the decision of the court and the judgment direct that she shall unite with her husband in the conveyance, as above stated, but there is nothing in that judgment which grants or anticipates the relief sought in this action. The relief here sought is to bind the defendant, who claims to be the grantee of her husband of a portion of the lands in controversy, by the judgment in the former action. The deed under which the defendant here claims, was recorded subsequent to the commencement of the first action, and no mention thereof appears in the complaint in that action, and the rights of the defendant under said deed could not be determined in that action without an amended or supplemental complaint therein, alleging the fact of the giving of such deed and the fraudulent character of the transaction; and there is no rule of law which requires a party to file a supplemental complaint. It is not compulsory. Geery v. Webster, 11 Hun, 430; Cordier v. Cordier, 26 How. Prac. 187. The rule in equity is that it must appear that the whole effect of the second suit be attainable in the first (Bradley v. Bosley, 1 Barb. Ch. 125), and this rule is founded in reason (Geery v. Webster, supra; In re Hood's Estate, 27 Hun, 579, and cases cited).

The learned counsel for the defendant, upon the argument, seemed to rely upon the allegation in the complaint of the filing of the complainant and the notice of pendency in the first action, as above quoted, and claims that, under section 1671 of the Code of Civil Procedure (which provides that "the pendency of the action. is constructive notice, from the time of so filing the notice, only to a purchaser or incumbrancer of the property affected thereby, from and against a defendant with respect to whom the notice is directed to be indexed, as prescribed in the next section. A person whose conveyance or incumbrance is subsequently executed or subsequently recorded, is bound by all proceedings taken in the action, after the filing of the notice, to the same extent as if he was a party to the action") the defendant was bound by the proceedings in the first action. It will be seen, by this section, that the defendant is only bound to the same extent by this notice that she was bound by the proceedings in the former action; and, as those proceedings did not embrace the deed in question, or the controversy arising thereunder, this notice does not aid the defendant. Besides, this notice only affects a purchaser or incumbrancer from a defendant with respect to whom the notice is directed to be indexed, as prescribed in section 1672 of the Code; and by that section the clerk must index the name of each defendant specified in a direction appended at the foot of the notice and subscribed by the attorney for the plaintiff. The complaint contains no allegation that this was done, or that the indexing was against the name of De Villo W. Selye, the defendant's grantor. Indeed, this section of the Code (1671) has no application to a party to an action who has been duly served with process therein. A party has notice, from the complaint, of the purpose

of the action. This notice is merely a statutory substitute for actual notice to the subsequent purchasers and incumbrancers. Hall v. Nelson, 14 How. Prac. 32.

The question remains whether the relief sought in this action could have been maintained in the first, so far as it appears from the complaint in this action; and, as we have reached the conclusion that it could not, it follows that this action is properly maintained, and the judgment sustaining the demurrer should be reversed, and with costs of this appeal and of the special term, with leave to the defendant, upon the payment of such costs, to answer the complaint within 20 days after the service of the order herein upon the defendant. All concur.