ARNOLD v. TREVIRANUS.

(Supreme Court, Appellate Division, Second Department. January 9, 1903.)

1. BANKRUPTS—CANCELLATION OF JUDGMENTS AGAINST—RIGHTS OF JUDGMENT
   CREDITORS—SAVING LIEN.
       Code Civ. Proc. § 1268, authorizes a bankrupt to apply for an order
   directing a judgment rendered against him to be canceled of record, but
   that, "where the judgment was a lien on real property owned by the
   bankrupt before he was adjudged bankrupt, the lien thereof shall not be
   affected by said order, and may be enforced." A judgment creditor, after
   execution returned nulla bona, sued to set aside alleged fraudulent con-
   veyances by his debtor, who after the institution of the suit was adjudged
   a bankrupt and discharged of her debts. Held, that by the commence-
   ment of such action the judgment creditor acquired a specific lien within
   the saving clause of the section, so that on an application by the bank-
   rupt to have the judgment canceled of record the judgment creditor was
   entitled to a provision that it should be allowed to stand for the purpose
   of enforcing any lien created by it on any of the bankrupt's real estate.

Appeal from special term, Rockland county.

Action by Mary A. Arnold, individually and as executrix of Jus-
tin Arnold, deceased, against Sophie J. Treviranus, and judgment for
plaintiff, and, from an order denying a motion to cancel the same
of record, defendant appeals. Modified.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-
WARD, HIRSCHBERG, and JENKS, JJ.

Ferdinand E. M. Bullowa, for appellant.
Alonzo Wheeler, for respondent.

JENKS, J. The defendant owned certain realty subject to a mort-
gage, due in 1888, which she had assumed to pay. She defaulted.
While in default, and in 1896, she conveyed three other pieces of
realty to her son, the defendant Treviranus. In 1898, the plaintiff
foreclosed the said mortgage, sold the premises under the decree,
entered a deficiency judgment against the defendant in 1900, and
later in that year began this suit to set aside as fraudulent said con-
veyances made by defendant to Treviranus. In 1901, the defendant
was adjudicated a bankrupt, and was discharged of her debts in
bankruptcy. The petition and schedule filed declared that the plain-
tiff was the only creditor, and her said deficiency the sole liability.
The defendant now moves, under section 1268 of the Code of Civil
Procedure, to cancel and to discharge the judgment of record. The
question is whether she is entitled to an order notwithstanding the
provision in said section:

"Where the judgment was a lien on real property owned by the bankrupt
prior to the time he was adjudged a bankrupt, the lien thereof upon said
real estate shall not be affected by said order and may be enforced, but in all
other respects shall be of no force or validity, nor shall the same be a lien
on real property acquired by him subsequent to his discharge in bankruptcy."

The commencement of the action by the judgment creditor gives
him a specific lien, provided an execution has been issued on the
judgment and returned unsatisfied. Adsit v. Butler, 87 N. Y. 585,
and authorities cited; Corning v. White, 2 Paige, 567, 22 Am. Dec.

659; Bank v. Shuler, 153 N. Y. 163, 171, 47 N. E. 262, 60 Am. St. Rep. 601; Wait, Fraud. Conv. p. 119. In Corning v. White, supra, the chancellor says that the filing of the bill "operates as an attachment of property which cannot be levied on at law." I think that such a lien is within the purview of the saving clause of section 1268 of the Code of Civil Procedure, which, being enacted in furtherance of the bankruptcy law, should be construed in harmony with the policy thereof. Mr. Collier, in his work on Bankruptcy (3d Ed.) p. 424, says: "The liens that are preserved unaffected by the bankruptcy proceedings include all which are recognized by state laws. It is immaterial whether they be statutory or be based on usage, or whether they be legal or equitable." Mr. Bump, in his treatise (page 513), says: "Equitable liens, mortgages, and securities are as much within the act of legal liens, unless there is some prohibition in the state laws which renders them invalid." See Peck v. Jenness, 7 How. 612, 620, 12 L. Ed. 841, et seq. While it is true that neither the judgment nor the execution thereon by themselves constituted a lien, for the reason that the lien is established only by the institution of the creditor's suit, yet the recovery of judgment and the issuing of execution are necessary initial steps in the perfection of the lien, and are a part of it, and therefore the proposition of the learned counsel for the appellant is in effect that an essential part of the lien should be canceled and discharged of record in the face of the saving clause of said section 1268. The cases cited by the appellant may be discriminated. Blumenthal v. Anderson, 91 N. Y. 171, was an action by attorneys to impress their lien upon an existing judgment, which, like other debts of the debtor, was discharged by the bankruptcy proceedings. In Bank v. Brandreth, 12 Hun, 384, Brandreth was discharged in bankruptcy in 1868, and the action was begun in 1877 to establish an equitable lien under the statute of uses and trusts, and the court say that Bank v. Olcott, 46 N. Y. 12, holds "that, to have a lien which would be protected, the judgment creditor must have commenced his action thereon, and filed his notice of pendency of action before the discharge." Now this action was begun before the discharge of the defendant. Arnold v. Oliver, 64 How. Prac. 452, presented the simple question of the effect of section 1268 upon a judgment recorded against the bankrupt, and the saving clause of that section was not involved.

I think that the respondent was entitled to a provision that the judgment should be allowed to stand for the purpose of enforcing any lien created by it upon any real estate owned by the bankrupt. This is in harmony with the decision made in Popham v. Barretto, 20 Hun, 299. It is true that in that case the original judgment was docketed before the conveyance was made, but that does not affect the principle, provided that a specific lien was established. It may be noticed that in Bank v. Olcott, supra, the court say that the commencement of the equitable action and the filing of the lis pendens were necessary. It does not appear whether any lis pendens has been filed, but, if that be necessary, it still can be filed. Section 1670, Code Civ. Proc. Moreover, it appears that the only persons whose rights are affected are the judgment debtor and her immediate gran-

tee, and the latter, when the complaint was served upon him, thereby had notice of the lis pendens. Parker v. Selye, 3 App. Div. 149, 38 N. Y. Supp. 164.

The order should be modified in accord with this opinion, and, as modified, affirmed. All concur.