MARY A. ARNOLD, Individually and as Executrix, etc., of JUSTIN ARNOLD, Deceased, Respondent, *v.* SOPHIE J. TREVIRANUS, Appellant.

*Creditor's suit — it creates a specific lien — effect thereon of a discharge in bankruptcy of the judgment debtor — lis pendens.*

A judgment creditor who, after an execution has been issued upon the judgment and returned unsatisfied, brings an action to set aside conveyances of real property, made by the judgment debtor with intent to defraud his creditors, obtains, by the commencement of the action, a specific lien upon the property.

Such a lien, secured before the judgment debtor obtains a discharge in bankruptcy, is within the purview of the saving clause contained in section 1268 of the Code of Civil Procedure, which provides for the cancellation of judgments rendered against persons who have been discharged in bankruptcy, but that " Where the judgment was a lien on real property owned by the bankrupt prior to the time he was adjudged a bankrupt, the lien thereof upon said real estate shall not be affected by said order and may be enforced, but in all other respects the judgment shall be of no force or validity, nor shall the same be a lien on real property acquired by him subsequent to his discharge in bankruptcy."

In such a case the order canceling the judgment should provide that it should be allowed to stand for the purpose of enforcing any lien created by it upon any real estate owned by the bankrupt.

*Quære,* whether the filing of a *lis pendens* in the action to set aside the conveyances is essential to the obtaining of a specific lien upon the property.

APPEAL by the defendant, Sophie J. Treviranus, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Rockland on the 17th day of October, 1902, denying the defendant's motion to cancel the judgment on record in the above-entitled action.

*Ferdinand E. M. Bullowa,* for the appellant.

*Alonzo Wheeler,* for the respondent.

JENKS, J.:

The defendant owned certain realty subject to a mortgage, due in 1888, which she had assumed to pay. She defaulted. While in

default, and in 1896, she conveyed three other pieces of realty to her son, William H. Treviranus. In 1898 the plaintiff foreclosed the said mortgage, sold the premises under the decree, entered a deficiency judgment against the defendant in 1900, issued an execution thereon which was returned unsatisfied, and later in that year began a suit to set aside as fraudulent said conveyances made by defendant to her son. In 1901 the defendant was adjudicated a bankrupt, and was discharged of her debts in bankruptcy. The petition and schedule filed declared that the plaintiff was the only creditor and her said deficiency the sole liability. The defendant now moves under section 1268 of the Code of Civil Procedure to cancel and to discharge the judgment of record. The question is whether she is entitled to an order notwithstanding the provision in said section : " Where the judgment was a lien on real property owned by the bankrupt prior to the time he was adjudged a bankrupt, the lien thereof upon said real estate shall not be affected by said order and may be enforced, but in all other respects the judgment shall be of no force or validity, nor shall the same be a lien on real property acquired by him subsequent to his discharge in bankruptcy." The commencement of the action by the judgment creditor gives him a specific lien, provided an execution has been issued on the judgment and returned unsatisfied. (*Adsit* v. *Butler*, 87 N. Y. 585, and authorities cited; *Corning* v. *White*, 2 Paige, 567; *First National Bank* v. *Shuler*, 153 N. Y. 163, 171; Wait Fraud. Conv. [2d. ed.] 119.) In *Corning* v. *White* (*supra*) the chancellor says that the filing of the bill " operates as an attachment of property which cannot be levied on at law." I think that such a lien is within the purview of the saving clause of section 1268 of the Code of Civil Procedure, which, being enacted in furtherance of the Bankruptcy Law, (30 U. S. Stat. at Large, 544) should be construed in harmony with the policy thereof. Mr. Collier in his work on Bankruptcy (3d ed. p. 424) says: " The liens that are preserved unaffected by the bankruptcy proceedings include all which are recognized by State laws. It is immaterial whether they be statutory or be based on usage and custom, or whether they be legal or equitable." Mr. Bump in his treatise on Bankruptcy (11th ed. p. 513) says: " Equitable liens, mortgages, and securities are as much within the act as legal liens, unless there is some prohibition in the State laws which ren-

ders them invalid." (See *Peck* v. *Jenness,* 7 How. [U. S.] 612, 620 *et seq.*) As the recovery of such judgment and the issue of execution are essential before an institution of the creditor's suit, the proposition of the learned counsel is that this judgment, essential to the institution of the creditor's suit, should be wiped off the record. The cases cited by the appellant may be discriminated. *Blumenthal* v. *Anderson* (91 N. Y. 171) was an action by attorneys to impress their lien upon an existing judgment, which, like other debts of the debtor, was discharged by the bankruptcy proceedings. In *American Exchange Bank* v. *Brandreth* (12 Hun, 384) Brandreth was discharged in bankruptcy in 1868, and the action was begun in 1877 to establish an equitable lien under the Statute of Uses and Trusts, and the court say that *Ocean National Bank* v. *Olcott* (46 N. Y. 12) holds "that to have a lien which would be protected, the judgment creditor must have commenced his action thereon and filed his notice of pendency of action before the discharge." Now this action was begun before the discharge of the defendant. *Arnold* v. *Oliver* (64 How. Pr. 452) presented the simple question of the effect of section 1268 upon a judgment recorded against the bankrupt, and the saving clause of that section was not involved.

I think that the respondent was entitled to a provision that the judgment should be allowed to stand for the purpose of enforcing any lien created by it upon any real estate owned by the bankrupt. This is in harmony with the decision made in *Popham* v. *Barretto* (20 Hun, 299). It is true that in that case the original judgment was docketed before the conveyance was made, but that does not affect the principle, provided that a specific lien was established. It may be noticed that in *Ocean National Bank* v. *Olcott* (*supra*) the court say that the commencement of the equitable action and the filing of the *lis pendens* were necessary. It does not appear whether any *lis pendens* has been filed, but if that be necessary it still can be filed. (Code Civ. Proc. § 1670.) Moreover, it appears that the only persons whose rights are affected are the judgment debtor and her immediate grantee, and the latter, when the complaint was served upon him, thereby had notice of the *lis pendens.* (*Parker* v. *Selye,* 3 App. Div. 149.)

The order should be modified in accord with this opinion, and as modified, affirmed.

GOODRICH, P. J., BARTLETT, WOODWARD and HIRSCHBERG, JJ., concurred.

Order modified in accordance with opinion of JENKS, J., and, as modified, affirmed, without costs.