(44 Misc. Rep. 516.)

### In re DAVID.

(Supreme Court, Special Term, New York County. July, 1904.)

1. BANKRUPTCY—SCHEDULE—RESIDENCE OF CREDITOR.

On an application under Code Civ. Proc. § 1268, to cancel a judgment against petitioner who had been discharged as a bankrupt, the judgment creditor opposed the application on the ground that the judgment was not properly scheduled in bankruptcy in the manner required by Bankr. Act July 1, 1898, c. 541, subd. 8, § 7, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3425], inasmuch as neither the residence of the judgment creditor, nor the fact that the residence was unknown, was stated. The schedules under the head "Residence" contained the entry, "c/o D. & D., attys, 88 Nassau St., N. Y. C." The description of the debt was "Deficiency judgment on foreclosure of mortgage entered March 13, '02." The petitioner's attorney had examined the city directory, which did not contain the name of the judgment creditor, and the complaint in the foreclosure suit alleged that plaintiff was a nonresident, but did not disclose his whereabouts. The evidence showed inquiries made at the office of the attorneys of record, who stated that all communications in the matter should be made to them, and that a member of the firm was the attorney in fact of the judgment creditor. It did not appear that such creditor did not know of the bankruptcy proceedings. Held, that the petitioner could properly state in the schedule that the creditor's residence was unknown, and therefore the entry therein, in view of the information received from the attorneys of such creditor, was a sufficient notice to the creditor.

2. SAME—CANCELLATION OF JUDGMENT—LIEN.

Where a judgment was docketed March, 1902, and the judgment debtor had in January prior executed certain deeds alleged by the judgment

creditor to be fraudulent, and in July, 1902, the deeds were recorded, and in March, 1903, the debtor was adjudged a bankrupt, and discharged June 19, 1903, and the conveyances were not attacked until June 13, 1904, the interest of the judgment creditor in such real estate was not, at the time the debtor was adjudged a bankrupt or discharged, a lien within Code Civ. Proc. § 1268, and unaffected by a cancellation of the judgment against the debtor under such section.

3. JUDGMENT—LIEN.

Where before judgment a debtor conveyed his property, the fact that the deed was not recorded until after the docketing of the judgment did not excuse the creditor from the necessity of suing to set aside such conveyance in order to make his judgment a lien on such real estate.

Application of Nellie David to cancel a judgment. Motion granted.

Ralph Nathan, for the motion.
Charles J. Belfer, opposed.

GIEGERICH, J. This motion to cancel a judgment pursuant to section 1268 of the Code of Civil Procedure is resisted on the ground that the judgment was not properly entered in the schedules of bankruptcy, the alleged defect consisting in a failure to state either the residence of the creditor, or the fact that such residence was unknown, as required by section 7, subd. 8, Bankr. Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3425]. Instead of such residence or a statement that it was unknown, the schedules under the heading "residence" contain the entry, "c/o DeWitt, Lockman & DeWitt, attys, 88 Nassau St., N. Y. C.," and in the column containing a description of the debt the entry, "Deficiency judgment on foreclosure of mortgage entered March 13, '02." In the replying affidavits it is asserted, and the assertion is not denied, that the petitioner's attorney, shortly before preparing her petition in bankruptcy, examined Trow's City Directory of 1902, that then being the latest, and found it did not contain the name of the judgment creditor; and, furthermore, that the verification of the complaint in the foreclosure suit which resulted in the judgment in question, made by one of the attorneys for the creditor, stated that the plaintiff was absent from the United States, but did not disclose his whereabouts. It further appears that the petitioner's attorney also made inquiry for the creditor's address at the office of the attorneys of record in that suit, and was told by them that all communications for the creditor should be addressed to them and they would receive attention. Moreover, it is not denied that a member of that firm of attorneys is at present the attorney in fact for the judgment creditor. These circumstances, I think, distinguish the case decidedly from Sutherland v. Lasher, 41 Misc. Rep. 249, 84 N. Y. Supp. 56, affirmed, without opinion, 87 App. Div. 633, 84 N. Y. Supp. 1148. There it appeared that an incorrect address was given, and that the creditor in fact never had any information that the bankrupt had been discharged of his debts until the motion to cancel the judgment was made. In the present case it is significant that there is no claim whatever made that the judgment creditor was not fully informed of every step, and from the facts above stated it is obvious that he did personally receive such information, or is chargeable with it through his attorneys and agents. The principal

purpose of the rule under consideration is, so far as possible, to insure notice being given to creditors, and here it is plain that the petitioner's attorney used every effort in good faith to secure compliance with the spirit of the rule. Under the circumstances, he might with technical truthfulness have stated in the schedules that the residence was unknown; but, having received the information he had from the creditor's attorney, he very properly, as I think, made the entry he did on the schedules, which was calculated to have, and apparently did have, the effect of giving proper notice to the creditor and putting him in a much more favorable position than he would have been in if there had been a bald entry of "residence unknown."

A further question is raised as to the right of the creditor, in the event that the motion is granted, to have a provision incorporated in the order directing the docket clerk to insert opposite the entry of the judgment a statement that the cancellation thereof should not in any way affect a lien on real property belonging to the bankrupt previous to the time he was adjudged such. Arnold v. Treviranus, 78 App. Div. 589, 79 N. Y. Supp. 732, is an authority for a provision of this character when a lien in fact exists. It is alleged by the judgment creditor that the petitioner was, in fact, at the time of such adjudication, the owner of two pieces of real estate in the city of Brooklyn, which she had fraudulently conveyed by deeds dated prior to the entry of the judgment, but not recorded until after such entry. The facts having a bearing upon the question, chronologically stated, are as follows: On January 10, 1902, the petitioner executed and acknowledged the deeds in question, which bear that date. On March 17, 1902, the judgment in question was docketed. In July, 1902, the deeds mentioned were recorded. On March 20, 1903, the petitioner was adjudicated a bankrupt, and on June 19, 1903, she received her discharge. Not until June 13, 1904, was the action attacking the conveyances commenced. In Arnold v. Treviranus, supra, the court, in allowing a provision similar to the one sought in this action, recognized the rule that, in order to have a lien which would be protected, the judgment creditor must have commenced his action before the discharge in bankruptcy, but pointed out in the case before them that such action had been commenced before the discharge. The Court of Appeals, in Ocean Nat. Bank v. Olcott, 46 N. Y. 12, discusses the question of what is necessary in order to constitute a lien within the meaning of the bankrupt act in effect at that time, saying (page 17):

"The bankrupt act preserves the rights of creditors by mortgage, pledge, or other lien upon the property of the bankrupt, and the assignee takes the property subject to it (sections 14, 20 [Act March 2, 1867, c. 176, 14 Stat. 522, 526]), and, of course, a valid lien against the property of a third person would not be affected by the discharge. Although there may be some apparent confusion from the use of terms, I do not think the interest of the creditors constitutes a lien within the meaning of the bankrupt act, nor in any such legal sense as to give creditors a priority, except by means of the usual equitable remedies. A lien is not a property in the thing itself, nor does it constitute a mere right of action for the thing. It more properly constitutes a charge upon the thing. 1 Story, Eq. § 506; 1 Burrill, Law Dict. title 'Lien'. In some general sense, creditors have an equitable lien upon the property thus situated. So they would have if a general liability, instead

of a resulting trust, had been declared. So debts are an equitable lien upon property fraudulently transferred by a debtor; and it may be said that every debtor is a trustee for his creditors, and bound to use his property for their benefit, and that creditors have an equitable lien upon the property of the debtor. But in all these cases the usual remedies are to be pursued to create and enforce the lien before a specific charge constituting an incumbrance is created"

—And wound up with the conclusion that, in a case either of fraudulent transfers by the debtor himself or of property paid for by him and transferred to a third person, "the commencement of an equitable action is necessary to constitute a lien or charge, in any legal sense, upon the land." Under these decisions it would seem to be established that the interest of the judgment creditor was not, either at the time of the adjudication in bankruptcy or at the time of the discharge, of such a character that it could be regarded as a lien, and consequently embraced within the saving clause of section 1268 of the Code of Civil Procedure. It is true that the present case differs from Arnold v. Treviranus, supra, in that the conveyances sought to be assailed were not recorded until after the docketing of the judgment; but I cannot see that this circumstance exempts the creditor from the requirement of beginning an action in order to give his interest the character of a lien, it being the established law in this state that:

"In the absence of fraud, a judgment takes effect only on the actual interest in land which the judgment debtor has at the time of the recovery of the judgment, and, consequently, that the title of a grantee of the judgment debtor, by deed executed before the entry of the judgment, although unrecorded, takes precedence of the judgment. The fact that the grantee has not recorded his deed creates no equity in favor of the judgment creditor. The latter is not a purchaser within the recording acts, and purchasers alone are protected by those acts against unrecorded conveyances."

Trenton Banking Co. v. Duncan, 86 N. Y. 221, 227; Beman v. Douglas, 1 App. Div. 169, 37 N. Y. Supp. 859. The mere fact that the conveyances were not recorded does not affect their validity, and therefore it is incumbent upon the judgment creditor, if he seeks to reach the real property, to institute an action in aid of his execution, the same as though the deeds had been properly recorded before the docketing of the judgment. The motion must therefore be granted as prayed for, with $10 costs.

Motion granted, with $10 costs.