Joseph M. Conroy, J.
The plaintiff Denser aft Optical Corporation is a manufacturer of sun glasses. The other plaintiff, Rayex Corporation, is the sales agency for Lenscraft. On October 15, 1957, they commenced this action to restrain the defendant unions, Locals 1614 and 810, from “ striking ” against plaintiffs and/or picketing with signs, creating a false impression that a labor dispute exists between the plaintiffs and said locals, interfering in any way with the delivery of merchandise to plaintiffs’ premises or shipments therefrom, and for incidental relief including such damages as plaintiffs may be able to establish at the trial, together with the costs and disbursements *482 of this action. By an order to show cause, dated October 15, 1957, the plaintiffs moved for similar relief by way of a temporary injunction pending the determination of the action and, also, to restrain the defendants from forcing or otherwise requiring plaintiffs to recognize the defendants as the collective bargaining agent for their employees, until the expiration of the term of the collective bargaining agreement claimed to exist between plaintiff Lenscraft and Local 122, I.J.W.U., AFL-CIO, or until such time as the National Labor Board certifies a collective bargaining agent of plaintiffs’ employees. By cross motion the defendants moved, pursuant to subdivision 3 of rule 107 of the Rules of Civil Practice, to dismiss the complaint on the ground that there is another action pending between the same parties for the same cause.
The prior action, commenced in November or early in December, 1956, was brought by these plaintiffs against the same defendants for precisely the same relief prayed for in the instant complaint. In that action Mr. Justice Cortland A. Johnson granted plaintiffs ’ motion for a temporary injunction by an order, dated December 14, 1956, ‘ ‘ until the expiration of the collective bargaining agreement presently existing between plaintiffs, LENSCRAFT OPTICAL CORPORATION and LOCAL 122,1.J.W.U., A.F.L.”
According to the complaint in the second action the plaintiffs moved on March 11,1957, to punish the defendants for contempt of court for their alleged violation of the foregoing restraining order. The defendants moved to vacate that order on the ground that the plaintiffs, themselves, had violated it. Special Term referred the issues raised by both motions to an Official Referee to hear and determine. In May, 1957, a majority of plaintiffs’ employees, qualified to vote, chose Local 122 as their bargaining agent in a certification proceeding which the defendants had initiated with the National Labor Relations Board. Defendant Local 810 filed objections. Thereafter by a stipulation, signed July 24, 1957, the plaintiffs and Local 122 agreed to set aside the election and a new one was set down for August 8, 1957. However, on August 1 and 2, 1957, the defendants filed charges with the board, complaining of acts which allegedly occurred prior to July 24, 1957, as a result of which the election, scheduled for August 8,1957, was postponed without date. On August 5, 1957, the defendants commenced to picket plaintiffs’ premises and, allegedly, to interfere with plaintiffs’ business. On August 12, 1957, plaintiffs moved to punish the defendants for contempt for the alleged violation of the restraining order, dated December 14? 1957, by reason of *483 their picketing and other conduct which began on August 5, 1957. Mr. Justice Pette, who heard the motion, referred it for determination by the same Official Referee who was to pass upon the issues presented by the two prior motions. Hearings in connection with the aforesaid three motions, commenced on September 16,1957, are still continuing.
The defendants contend that the only substantial difference between the two actions is that the complaint in the second contains allegations of events which transpired since the service of the first complaint in December, 1956, in addition to those contained in that complaint; that the happening of these events does not make for a different “ cause ” within the meaning of rule 107; and that, in any event, material facts which occurred after the service of the former pleading could be added thereto by way of an application for leave to serve a supplemental complaint.
The rationale underlying the prohibition against the maintenance of two separate actions, pending between the same parties for the same cause embodied in rules 106 and 107 of the Rules of Civil Practice, is to spare the parties “ the unnecessary labor and expense of conducting two controversies over the same matter.” (Schuehle v. Reiman, 86 N. Y. 270, 273.) Formerly called a plea in abatement, this objection “ is primarily applicable to a case where more than one action is brought by the same plaintiff against the same defendant for the same, or substantially the same, relief and growing out of the same subject-matter.” (National Fire Ins. Co. v. Hughes, 189 N. Y. 84, 87.)
Such is the situation in the case at bar. The averment of events which occurred subsequent to the service of the complaint in the first action and which are substantially of the same general character, does not, in this court’s opinion, render the actions different from each other. They are between the same parties for identical relief and predicated upon the same general theory. (Cipolla v. Cipolla, 255 App. Div. 789.) The whole effect of the second suit may be attained in the first. (Parker v. Selye, 3 App. Div. 149, 153.) This, in effect, was recognized by the plaintiffs, themselves, when they moved on August 12, 1957, to punish the defendants for contempt of court for violating the restraining order of December 14, 1956, or, in the alternative, to resettle that order so as to extend its restraint until such time as the National Labor Relations Board has certified a collective bargaining agent of plaintiffs’ employees. Upon that motion the issue, among others, as to whether that order expired on July 30,1957, the termination date of the collective bargaining agreement between the plaintiffs and Local 122, was tendered by the *484 plaintiffs. Mr. Justice Pette, who heard that motion held: “ All of these matters cannot be summarily disposed of and require a plenary hearing. In view of the foregoing disposition, the court has no occasion to pass upon the alternative branch of the motion. In any event, the order cannot be resettled except by the justice who made the original, and whether there is any basis for resettlement depends upon the determination of thé question whether that order still subsists.” (N. Y. L. J., Aug. 27, 1957, p. 7, col, 1.)
The court agrees with the defendants that the new facts which occurred after the commencement of the first action may be added by way of a supplemental pleading. Section 245-b of the Civil Practice Act expressly authorizes an application for leave to supplement pleadings so as to permit the applicant “ to set up any facts which occurred after the commencement of the action, to the end that the litigation may be determined as of the time when the application for leave to supplement the pleadings is made.5 ’
Accordingly, the defendants’ motion to dismiss the complaint on the ground of the pendency of another action between the same parties for the same cause is granted, without prejudice to an application for leave to serve a supplemental complaint, if plaintiffs be so advised. It follows, in view of the foregoing disposition, that plaintiffs’ motion for a temporary injunction must be and is denied, without prejudice to their seeking the extension of the order of December 14,1956, should that course become necessary by reason of the determination to be made by the Official Referee of the issues referred to him by Mr. Justice Pette.
Settle order.